OSMAN ET AL. *v.* DOUDS, REGIONAL DIREC-
TOR OF THE NATIONAL LABOR RELATIONS
BOARD.

No. 12.   Decided June 5, 1950.

*Victor Rabinowitz* and *Samuel A. Neuberger* for
appellants.

PER CURIAM.

This case was heretofore held for, and presents the same
issues involved in, *American Communications Association*
v. *Douds,* and *United Steelworkers of America* v. *Labor
Board,* decided May 8, 1950, 339 U. S. 382.   In these cases
the Court upheld the constitutionality of § 9 (h) of the
National Labor Relations Act, as amended by the Labor
Management Relations Act of 1947, 61 Stat. 136, 146,
29 U. S. C. (Supp. III) §§ 141, 159 (h), which provides:

"No investigation shall be made by the [National
Labor Relations] Board of any question affecting

commerce concerning the representation of employees, raised by a labor organization under subsection (c) of this section, no petition under subsection (e) (1) of this section shall be entertained, and no complaint shall be issued pursuant to a charge made by a labor organization under subsection (b) of section 160 of this title, unless there is on file with the Board an affidavit executed contemporaneously or within the preceding twelve-month period by each officer of such labor organization and the officers of any national or international labor organization of which it is an affiliate or constituent unit that he is not a member of the Communist Party or affiliated with such party, and that he does not believe in, and is not a member of or supports any organization that believes in or teaches, the overthrow of the United States Government by force or by any illegal or unconstitutional methods."

With regard to that part of the section which is concerned with membership in, or affiliation with, the Communist Party, the Court holds the requirement to be constitutional. MR. JUSTICE BLACK dissents for reasons stated in his dissent in *American Communications Association v. Douds, supra.*

With regard to the constitutionality of other relevant parts of the section, the Court is equally divided. MR. JUSTICE MINTON joins in the views expressed by THE CHIEF JUSTICE, who was joined by MR. JUSTICE REED and MR. JUSTICE BURTON in the cases above cited. MR. JUSTICE BLACK, MR. JUSTICE FRANKFURTER and MR. JUSTICE JACKSON adhere to their opinions in those cases. MR. JUSTICE DOUGLAS joins the dissenting opinions of MR. JUSTICE BLACK, MR. JUSTICE FRANKFURTER and MR. JUSTICE JACKSON insofar as they hold unconstitutional the

848

portion of the oath dealing with beliefs, and being of the view that provisions of the oath are not separable votes to reverse. He therefore does not find it necessary to reach the question of the constitutionality of the other part of the oath. The judgment of the District Court is therefore

*Affirmed.*

MR. JUSTICE CLARK took no part in the consideration or decision of this case.