## UNITED STATES v. VALENTI.

### Cr. 340-51.

United States District Court,
D. New Jersey.

June 27, 1952.

**122**

Grover C. Richman, Jr., U. S. Atty., Alexander Feinberg, Asst. U. S. Atty., Camden, N. J., for plaintiff.

Samuel P. Orlando, Camden, N. J., Thomas D. McBride, Philadelphia, Pa., for defendant.

MADDEN, District Judge.

This is a motion to dismiss each of two counts of an indictment returned by the Grand Jury against the defendant, Anthony Valenti, alias Anthony Valentino, alias Tony Valentino.

The indictment and both counts thereof charge in effect violation of Section 1001 of Title 18 and it is set forth in the footnote[1]. The statute involved provides:

> "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both. June 25, 1948, c. 645, 62 Stat. 749."

The attack on the indictment is threefold.

*First*: That the indictment violates the Sixth Amendment in that it does not in-

---

1. The Grand Jury charges:

Count I

That on or about October 24, 1949, in the City and County of Camden, State and District of New Jersey,

Anthony Valenti,
alias Anthony Valentino,
alias Tony Valentino

the defendant herein, in a matter within the jurisdiction of the National Labor Relations Board of the United States, did unlawfully, wilfully and knowingly in an "Affidavit of Non-Communist Union Officer" (Form NLRB–1081), make a false and fictitious and fraudulent statement and representation, to wit, that he was not a member of the Communist Party. (Title 18 U.S.C. Section 1001)

Count II

And the Grand Jury further charges:

That on or about October 24, 1949, in the City and County of Camden, State and District of New Jersey,

Anthony Valenti,
alias Anthony Valentino,
alias Tony Valentino

the defendant herein, in a matter within the jurisdiction of the National Labor Relations Board of the United States, did unlawfully, wilfully and knowingly in an "Affidavit of Non-Communist Union Officer" (Form NLRB–1081), made a false and fictitious and fraudulent statement and representation, to wit, that he was not affiliated with the Communist Party. (Title 18 U.S.C. Section 1001).

form the defendant of the nature of the accusation against him.

*Second*: The indictment and each count thereof fails to state facts sufficient to constitute an offense.

*Third*: That both the statute allegedly violated and the form allegedly furnished by the defendant are void for vagueness.

In order to have a clearer undertanding of the picture one must understand that the form referred to in the indictment (Form NLRB–1081) was required to be filed by officers of unions seeking aid from the National Labor Relations Board under the provisions of the Taft-Hartley Act, 61 Stat. 143, 29 U.S.C.A. § 159(h), and is set forth as follows:

"Affidavits showing union's officers free from Communistic Party affiliation or belief

"(h) No investigation shall be made by the Board of any question affecting commerce concerning the representation of employees, raised by a labor organization under subsection (c) of this section, and no complaint shall be issued pursuant to a charge made by a labor organization under subsection (b) of section 160 of this title, unless there is on file with the Board an affidavit executed contemporaneously or within the preceding twelve-month period by each officer of such labor organization and the officers of any national or international labor organization of which it is an affiliate or constituent unit that he is not a member of the Communist Party or affiliated with such party, and that he does not believe in, and is not a member of or supports any organization that believes in or teaches, the overthrow of the United States Government by force or by any illegal or unconstitutional methods. The provisions of sections 286, 287, 1001, 1022, and 1023 of Title 18 shall be applicable in respect to such affidavits. As amended June 23, 1947, 3:17 p. m., E.D.T., c. 120, Title I, § 101, 61 Stat. 143; Oct. 22, 1951, c. 534, § 1 (c, d), 65 Stat. 601." 29 U.S.C.A. § 159(h).

The constitutionality of the above section was established by the Supreme Court in Osman v. Douds, 339 U.S. 846, 70 S. Ct. 901, 94 L.Ed. 1328.

It should be noted, that in adopting this section, Congress specifically incorporated by reference, the penal and criminal efficacy of, *inter alia*, Section 1001 of Title 18 and it left no room, and afforded no occasion for speculation or conjecture, in reasonable minds, as to the sanctions, both criminal and civil, annexed to the statutory provision.

■ A reading of the indictment in conjunction with a reading of the statute, Section 1001, leads one to the conclusion that the elements set forth in the statute are alleged in the indictment as follows:

| Statute | Indictment |
|---|---|
| Whoever— | Anthony Valentino, |
| in any matter within the jurisdiction of any department or agency of the United States | the defendant herein, in a matter within the jurisdiction of the National Labor Relations Board of the United States |
| knowingly and wilfully falsifies a material fact | did unlawfully, wilfully and knowingly in an "Affidavit of Non-Communist Union Officer" make a false and fictitious and fraudulent statement and representation, to wit, that he was not a member of the Communist Party (Count 1). That he was not affiliated with the Communist Party (Count 2). |

■ Counsel also argues, that this is not sufficient because it does not allege what the truth is, namely, that the defendant was a member of or affiliated with the Communist Party. To do this would seem, to the Court, to be repetitious. If I state that a certain statement, as short as these here in question, is false must I then state to the reasonably understanding man what is true? If I say "it is dark outside" must

I then add "because it is not light" before reasonable men will understand me? This seems to be somewhat naive.

Next, does the statute and the indictment inform the defendant of the nature of the charge against him or is it vague and indefinite?

In Wolck v. Weedin, 1932, 58 F.2d 928 at page 930 the Ninth Circuit Court 'of Appeals in speaking of the term affiliated as used in that statute said:

"Appellant's sympathy with the aims of the Communist Party and his desire to join that party when allowed to do so; his admission that he had been 'connected' therewith for about a year; his attendance at party meetings; his selling the party organ; his giving money to the Communist Party whenever he could afford it, even though it was only in small amounts—all of these things are, within the meaning of the statute above and particularly subsection (2) quoted, sufficient to establish Wolck's 'affiliation' with the Communist Party, and consequently determine his liability to deportation. Moreover, the Standard Dictionary defines the term 'affiliate with' as 'to receive on friendly terms; to associate with; to be intimate with; to sympathize with; to consort with'; and Webster's New International Dictionary defines the term as 'to connect or associate one's self with.' "

Counsel argues while this meaning is sufficient to meet the requirement of the law as far as civil matters (i. e. deportation) it is not sufficient to meet the test in a criminal matter. It may be of no moment or insufficient answer, but many Courts and people look upon deportation from this land as considerably worse punishment than incarceration for the maximum term under the statute in question. See Klapprott v. U. S., 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266.

■ We are dealing with the term "affiliated" in the statute, the indictment and the form filed with the National Labor Relations Board. Is this word of such unusual parlance that it is not understood by the average individual? The Court thinks not.

It must be borne in mind that the form filed here (allegedly containing the false representations) was not required of everyone or even anyone under threat of sanctions, either criminal or civil. It was a voluntary filing on the part of those individuals who sought to place the unions they represented in a special class and thereby secure the protection and administrative processes of the governmental agency, the National Labor Relations Board. In providing for such action was it vague on the part of Congress to require that all material allegations of such affidavits be true so that the administrative agency could determine whether the applicant union was entitled to its administrative aid? I think not, and I likewise think that the statute, the indictment and the form are sufficiently certain so as to inform the defendant of the nature of the charge against him.

The motion to dismiss the indictment and each count thereof will be denied.

Regarding the application for the bill of particulars, the defendant in his application is not specific as to what he desires the Government to particularize. This matter will be heard on a day to be fixed by the Court.