**UNITED STATES of America, Plaintiff,**

v.

**Wilbert HOUCKS, Defendant.**

**Crim. No. 21509-4.**

United States District Court
W. D. Missouri, W. D.

Dec. 19, 1963.

F. Russell Millin, U. S. Atty., by Joseph P. Teasdale, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Harold H. Croghan, Clayton Smalley, Kansas City, Mo., for defendant.

BECKER, District Judge.

In this prosecution for violation of Title 18 U.S.C.A. § 1001, the defendant has filed a motion to dismiss the information under Rule 12, Federal Rules of Criminal Procedure, on the grounds that Section 1001 is invalid, unconstitutional and void, in the particulars mentioned hereinafter.

The information filed in this case charges that the defendant Wilbert Houcks

"* * * did knowingly, wilfully, unlawfully, and feloniously make a false, fictitious and fraudulent statement and representation of a material fact within the jurisdiction of the Post Office Department, a department of the United States Government, said statement and representation being material to an inquiry made by the Post Office Department. * * *"

Title 18 U.S.C.A. § 1001, reads as follows:

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraud-

ulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

The defendant's motion to dismiss contends that this statute is unconstitutional, invalid and void because:

"a) * * * [it] is so broad, undefined and sweeping in scope, and so vague and imprecise, that it is left to the 2,000 or more Federal Government agencies and bureaus and the 2,462,262 government employees employed in such government agencies and bureaus to fill in the essential portions of the Statute in unfettered, unrestrained, unlimited discretion. It delegates in carte blanche fashion legislative, crime defining, power and the power to decide what is 'material', what is a 'statement', and what is a 'representation', all to executive and administrative employees of the Federal Government. * * *

"b) * * * it delegates to the executive and administrative branch of the Federal Government and each employee employed thereby discretionary powers, legislative in nature, without first legislatively formulating and insisting upon adherence to a set of rules, a guidepost, or a 'Rule of Action'.

"c) * * * it is vague, imprecise, and incomplete, and does not inform a defendant as to what conduct is forbidden, and criminal. Additionally 18 *U.S.Code* § 1001 is so incomplete that it is ineffective until defined, filled out, and implemented by the various Federal agencies. It is thus unconstitutional because only the Congress can create and define a crime."

From these contentions two general grounds can be summarized, namely: 1) the statute is invalid because it improperly delegates legislative authority to the executive branch of the government; and 2) the statute is void for indefiniteness or vagueness.

■ The answer to the first contention is that administrative authorities are not authorized to determine what is "material," what is a "statement," or what is a "representation" as the defendant contends. Whether or not particular conduct comes within the proscription of the statute is a question to be decided by the fact finder, ordinarily a petit jury applying proper legal standards under direction of a Judge or by a Judge as a matter of law. In no view does an administrative agency have the right to determine what is "material," what is a "statement," or is a "misrepresentation." Either "materiality" is not an element of the offense or the issue of "materiality" is determined by a Court or jury. See Blake v. United States (C.A.8) 323 F.2d 245.

The only function of the department or agency is to determine whether or not a suspected violation will be called to the attention of the prosecuting authorities and in furnishing evidence in support of its complaints.

The second contention, that the statute is unconstitutional, should be determined under the rule of Winters v. People of State of New York, 333 U.S. 507, l. c. 509–510, 515, 68 S.Ct. 665, l. c. 667–668, 670, 92 L.Ed. 840, which fairly states the Constitutional standard as follows:

"[A] statute so vague and indefinite, in form and as interpreted, * * * [as to fail] to give fair notice of what acts will be punished, * * * violates an accused's rights under procedural due process * * * [a penal statute must set] ascertainable standards of guilt. [So that] [m]en of common intelligence * * * [are not] required to guess at * * * [its] meaning [either as to persons within the scope of the act or as to applicable tests to ascertain guilt]."

For other statements of the rule see Boyce Motor Lines v. United States, 342 U.S. 337, 72 S.Ct. 329, 96 L.Ed. 367; Cole v. Arkansas, 338 U.S. 345, l. c. 354, 70 S.Ct. 172, l. c. 176–177, 94 L.Ed. 155; Cline v. Frink Dairy, 274 U.S. 445, 47

S.Ct. 681, 71 L.Ed. 1146; Connally v. General Constr. Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322; annotation 70 L.Ed. 322 et seq.

The question now before this Court was determined by the Supreme Court of the United States in United States v. Gilliland, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598. In the Gilliland case the Supreme Court had before it a case presenting an alleged violation of Section 35 of the Criminal Code as amended by the Act of June 18, 1934, 48 Stat. 996, 18 U.S.C.A., section 80 (1940 ed.). Section 80 was divided into two parts, one dealing with false claims (later incorporated in Title 18 U.S.C.A., section 287), the other dealing with false statements or entries, the predecessor of the present Title 18 U.S.C.A. § 1001, which is here in question. That portion of Section 80 relating to false statements or entries read as follows:

"  *   *   * whoever shall knowingly and willfully falsify or conceal or cover up by any trick, scheme, or device a material fact, or make or cause to be made any false or fraudulent statements or representations, or make or use or cause to be made or used any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry, in any matter within the jurisdiction of any department or agency of the United States  *   *   * shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

Section 1001, the statute here involved, is identical with the quoted provisions of former Section 80, except for minor and unimportant changes of phraseology and the penalties for violation.

In upholding the substantially identical Section 80 in the Gilliland case, supra, the Supreme Court stated:

"Nor can the statute be deemed to be invalid because of indefinite-ness.  *   *   * Any one presenting the required affidavits and reports to the  *   *   * [Federal Trade Board] set up under the pertinent regulations was suitably charged with notice of the consequence of knowingly and willfully including therein any false and fraudulent statements." 312 U.S. at 91, 61 S.Ct. at 521, 85 L. Ed. 598.

To the same effect is United States v. Valenti (D.N.J.) 106 F.Supp. 121. In the Valenti case which arose out of a prosecution on a two count indictment, substantially similar to that in this case, charging a violation of Title 18 U.S.C.A. § 1001, Judge Madden stated 106 F.Supp. at page 124:

"I think  *   *   * that the statute, the indictment and the form are sufficiently certain so as to inform the defendant of the nature of the charge against him."

■ Defendant complains that the statute is vague in that it does not give him fair notice of what acts will be punished. In this connection it is noted that Title 18 U.S.C.A. § 1001 makes willfulness an essential element of the offense. This requirement that the government prove as an essential element of the offense that the defendant's conduct was "willful" may not render certain for all purposes every statutory definition of a crime which is in some respect uncertain, vague or indefinite, but the requirement does relieve the statute of the objection that it punishes, without warning, an offense of which the accused was unaware. Screws v. United States, 325 U. S. 91, l. c. 102, 65 S.Ct. 1031, l. c. 1036, 189 L.Ed. 1495. Since it is required that the government prove that the challenged conduct was willful, the objection of lack of fair notice that defendant's conduct will be punished is not well taken.

For these reasons it is therefore

Ordered that the defendant's motion to dismiss the information on file herein be, and the same is hereby, overruled.