### LOWE v. UNITED STATES.

No. 10857.

Circuit Court of Appeals, Fifth Circuit.

April 20, 1944.

1006

D. R. Coley, Jr., of Mobile, Ala., for appellant.

Albert J. Tully, U. S. Atty., of Mobile, Ala., for appellee.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment entered upon appellant's plea of nolo contendere to an indictment purporting to charge that he violated Section 35 of the Criminal Code, 18 U.S.C.A. § 80. The sole question for decision is whether the demurrer interposed to the indictment should have been sustained for the reason that it charged no offense against the United States.

The relevant portion of said statute provides that whoever shall make or cause to be made any false or fraudulent statements or misrepresentations, or make or use or cause to be made or used any false bill, voucher, account, or claim, knowing the same to contain any fraudulent or fictitious statement or entry in any matter within the jurisdiction of any department or agency of the United States or of any corporation in which the United States of America is a stockholder, shall be fined or imprisoned or both.

Eliminating formal parts, the indictment charged that appellant, on March 15, 1943, made a false statement or representation in a matter within the jurisdiction of a department or agency of the United States in that he, as an employee of the Alabama Dry Dock & Shipbuilding Company who received wages based upon the number of hours worked, on said date falsely represented to the person in charge of the payroll department of the company that he had worked eight hours on March 13, 1943, in the course of his employment, at which time the company was engaged in building ships under a contract with the United States Maritime Commission, an agency of the United States, providing that the company should make its payroll payments and should be directly reimbursed therefor by the Treasury of the United States.

It is not claimed that the United States owned stock in the company; and the validity of the indictment depends upon whether the alleged fact that the United States reimbursed the company for its payroll payments was sufficient to make the alleged misrepresentation with respect to the payroll entry a matter within the jurisdiction of a department or agency of the United States. We think not.

Accepting the allegations of the indictment as true, appellant's employment was derived from his private contract with a private corporation. His hours of work and rate of pay, and the control and supervision over the duties he performed, were matters within the exclusive dominion of his private employer. The misrepresentation as to the hours worked was made to an employee of the private corporation under an arrangement whereby the wages were to be paid by the corporation. Insofar as the employee was concerned, every aspect of his employment was exactly the same as it would have been had there been no contract with any governmental agency of any kind. The company's method of merchandising its product and its arrangements with respect to payments for sales made did not effect any change in the relationship existing between the company and appellant as private employer and private employee. The contract for reimbursement of payroll payments, at least so far as the record shows, did not designate the payroll department of the company as an agency of the United States, nor did it place that department under the control or supervision of any such agency.

In these circumstances, the mere allegation of the existence of the contract providing for reimbursement of payroll payments was not sufficient to make appellant's alleged fraudulent misrepresentation to his employer an offense against the United States. The demurrer to the indictment should have been sustained.

The judgment is reversed and the cause is remanded to the District Court for further proceedings not inconsistent with this opinion.

WALLER, Circuit Judge (specially concurring).

If the indictment had alleged, in substance, that the Alabama Dry Dock and Shipbuilding Company, as an agent or instrumentality of the United States, was constructing ships for the United States Maritime Commission under a contract whereby the payrolls would be temporarily advanced by the Shipbuilding Company to those engaged in working on said ships being so constructed, and for the money so advanced, the Shipbuilding Company would be reimbursed upon receipt and checking of the payrolls upon which payments had

been made to the workmen, and that the Defendant, while engaged in working on the construction of one of such ships, had made a false statement as to the hours worked, etc., it would then have been a "matter within the jurisdiction of a department or agency of the United States".