**UNITED STATES of America**

v.

**James GIARRAPUTO, Defendant.**

**Crim. No. 44283.**

United States District Court
E. D. New York.

May 9, 1956.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., Frances Thaddeus Wolff, Asst. U. S. Atty., Brooklyn, of counsel, for plaintiff.

Morton Friedman, Jamaica, for defendant.

RAYFIEL, District Judge.

The defendant, indicted for a violation of section 1001 of Title 18 U.S.Code, having waived a trial by jury, was tried before me on April 9, 1956.

4. See National Water Carriers Ass'n v. United States, D.C.S.D.N.Y., 126 F.Supp. 87.

The indictment alleges that on or about June 2, 1955, in this District, in a matter within the jurisdiction of the United States Navy Department, the defendant, while employed by the Fairchild Engine and Airplane Corporation, hereinafter called Fairchild, at Wyandanch, New York, made and caused to be made a false statement in a United States Department of Defense questionnaire presented to the United States Navy Department for action, in which he stated that he had never been arrested, whereas, in truth and in fact, as he then well knew, he had previously been arrested.

The testimony adduced at the trial disclosed that the defendant, who was a bench wirer, experimental, second class, was employed by the Guided Missile Division of Fairchild, which had entered into contracts with the Department of Defense for the manufacture of certain products for that Department; that defendant's work under said contracts would give him access to secret material; that defendant would not be permitted to do such work unless he had obtained security clearance from the Government; that in order to get such clearance he was obliged to and did sign a form designated as "Department of Defense Personnel Security Questionnaire," the thirtieth item in which reads: "Have you ever been arrested, charged, or held by Federal, State or other law enforcement authorities, for any violation of any federal law, state law, county or municipal law, regulation or ordinance? Include all court martials while in military service, do not include anything that happened before your 16th birthday. Do not include traffic violations for which a fine of $25 or less was imposed. All other charges must be included even if they were dismissed," which the defendant answered pursuant to instruction, by placing an "X" in a box alongside which appeared the word "no", after which came the following direction: "if 'yes' give date and place, charge and disposition"; that was answered by the typed word, "none". After the said questionnaire (Government's Exhibit 1) was signed by the defendant, and witnessed by one Ralph DeHart, it was sent to the office of the Inspector of Naval Ordnance, Long Island City, whence the Security Officer stationed there transmitted it to the Third Naval District, at 90 Church Street, in New York City. There, after checking by the District Intelligence Officer, it was learned that the defendant had a criminal record under the name James Giarraputo, Ignozio or Ignazio Giarraputo. (Government's Exhibit 5.)

The Government contends that this false statement constituted a violation of section 1001 of Title 18 U.S.Code, which provides:

"Whoever, in any matter within the jurisdiction of any department or agency of the United States, knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

The defendant does not deny that he has a criminal record, but contends that there was no direct relationship between him and any department or agency of the Government; that he was employed by Fairchild; that he did not submit the questionnaire to any department or agency of the Government, but, rather, to his employer, who was not obliged to submit it to any department or agency of the Government; that consequently his signing of the questionnaire was not a matter within the jurisdiction of any department or agency of the Government, as contemplated by section 1001 of Title 18 of the United States Code.

I disagree. Fairchild had contracts with the Government for the develop-

ment and manufacture of "classified" military or naval arms. Executive Order 10104, issued February 1, 1950, 18 U.S.C. § 795 note, pursuant to sections 795 and 797 of Title 18 U.S.Code, defined military and naval installations which required protection against the dissemination of information relative thereto. Section 1(f) of that Executive Order included "any commercial establishment engaged in the development or manufacture of classified military or naval arms, * * * aircraft, or vessels for the United States Army, Navy, or Air Force". Clearly Fairchild was included in that category and, as such, was bound by the Industrial Security Regulations promulgated by the Department of Defense (Government's Exhibit 4). It was pursuant to those regulations that the defendant was required to have security clearance if he were to be permitted to work on secret matters. The Government, in engaging contractors to manufacture guided missiles and other secret weapons for it, makes every possible effort to prevent access to them by employees who fail to meet its rigid requirements as to character and integrity. To do less would make a mockery of security clearance. There is no doubt as to the materiality of the falsification here charged.

The questionnaire itself was headed "Department of Defense, Personnel Security Questionnaire". It contained a reference to Title 18 Section 1001, and a resume thereof, warning the employee of the consequences of a false statement therein. I believe that the defendant *knew* that the questionnaire was to be submitted to a governmental agency for investigation, and that the statement that he had never been arrested was false. I believed Special Agent Murphy's testimony to the effect that the defendant admitted that he had falsified his answers because he had been refused employment on previous occasions when he had disclosed his criminal record.

The defendant relies principally on the case of Lowe v. United States, 5 Cir., 141 F.2d 1005. That case is clearly distinguishable from the case at bar. There an employee of a private shipyard falsified his payroll record, claiming that he had worked longer than he actually had on a particular day. The shipyard was reimbursed by the United States Treasury Department for the wages it had paid the defendant, since the company was engaged in building ships for the U. S. Maritime Commission (probably on a cost plus basis, although the decision does not so state). The defendant was indicted for making a false statement or fraudulent claim in a matter within the jurisdiction of a department or agency of the United States. The court properly dismissed the indictment, holding that the mere "contract for reimbursement of payroll payments, at least so far as the record shows, did not designate the payroll department of the company as an agency of the United States, nor did it place that department under the control or supervision of any such agency." Lowe v. U. S., supra, at page 1006.

In the instant case the regulations required Fairchild's employees to have security clearance in order to be permitted to work on secret material, and the Naval Inspector of Ordnance, Ford Instrument Company, Long Island City, New York, was given security jurisdiction over Fairchild. (See Government's Exhibit 3.) That agency of the Government, through Naval Intelligence, had jurisdiction over security clearance for Fairchild's employees. Fairchild could not grant such clearance. It could be granted *only* by an agency of the Government. As hereinabove stated, the questionnaire was headed "Department of Defense Personnel Security Questionnaire" and the defendant must have known that it was to be submitted to the Government for action. While it is true, as defendant contends, that the Navy Department could not have *required* the defendant to answer the questions, it could have refused to permit him to work on secret material if he had failed to do so. His criminal liability arose when he voluntarily submitted the questionnaire, con-

taining the false answers, to his employer, for submission to the appropriate governmental agency, in order to obtain clearance for work on and access to secret material.

 It is not necessary, in order to support the charge herein, that the defendant present the questionnaire directly to the agency involved. As was stated in United States v. Myers, D.C., 131 F. Supp. 525, at page 530,

"Giving the statute (Title 18 U.S. C. 1001) as it has been amended, modified and enlarged by the edict of Congress a literal, natural and common sense meaning, it is obvious that there is no requirement that the false document be *presented to* an agency or department of the United States. The only requirement is that the false document shall be made in a matter *within the jurisdiction of* such a department or agency of the United States." (Matter in parenthesis added.)

I find the defendant guilty as charged.