**UNITED STATES of America,**

**v.**

**Alfred L. KASKEL et al., Defendants.**

**Cr. No. 44068.**

United States District Court
E. D. New York.

Jan. 29, 1959.

Gallop, Climenko & Gould, New York City, for defendants Greenberg, Kaskel, Dara Gardens & Churchill Manor.

Milton C. Weisman, New York City, for defendant Wechstein.

J. Bertram Wegman and Richard J. Burke, New York City, for defendant Traub.

RAYFIEL, District Judge.

The above-named defendants, excepting Isidore Weckstein, heretofore moved for (1) a bill of particulars, (2) leave to inspect certain transcripts of testimony received from the Superintendent of Banks of the State of New York by the United States Attorney for this District, and now in his possession, and (3) for the return to the defendant Kaskel of certain books, documents and records of various corporations. Except for sev-

eral items of relief specifically granted, this Court denied the motion. 18 F.R. D. 477.

The defendants thereafter moved for an order dismissing the indictment on the ground that each and every count thereof fails to charge an offense against the laws of the United States, or, in the alternative, for reconsideration of the motion first hereinabove mentioned, and for an order directing the United States Attorney to make available for inspection by the defendants' attorneys prior to trial (1) a transcript of the testimony of the defendant Weckstein taken before the Superintendent of Banks of the State of New York—denied in the original motion—and (2) a transcript of Weckstein's testimony before the Grand Jury which returned the indictment herein.

*As to the motion to dismiss*
*the indictment:*

█ Under Point I of their memorandum the defendants argue that the transactions referred to in Counts 1 to 6, inclusive, were not "in a matter within the jurisdiction of an agency of the United States", and cite Lowe v. United States, 5 Cir., 141 F.2d 1005, Terry v. United States, 8 Cir., 131 F.2d 40, United States v. White, D.C., 69 F.Supp. 562, and a number of other cases in support of their contention. I find those cases either inapposite or distinguishable. Lowe v. United States, supra, upon which, apparently, the defendants chiefly rely, relates to a case the indictment in which failed to state that the corporation involved acted as an agent or instrumentality of the United States, and, while the court reversed a judgment overruling the demurrer to the indictment, the averments in which were less clear and complete than those in the instant case, Judge Waller, in a "specially concurring" opinion, indicated, at pages 1006, 1007 of 141 F.2d, that the fault lay in the form rather than the substance of the indictment. Counts 1 to 6, inclusive, state clearly that the agency of the Unit-

ed States involved therein is the Federal Deposit Insurance Corporation.

In United States v. Moore, 5 Cir., 185 F.2d 92, also relied upon by the defendants in support of its contention that the transactions described in the indictment were not "in a matter within the jurisdiction of an agency of the United States", the Court, in reversing the District Court's dismissal of the indictment, stated, at page 95 of 185 F.2d, that it was in agreement with the Government's contention "that the indictment, charging as it does both that the matters concealed and falsely represented were material and that they were matters within the jurisprudence of the Wage and Hour Division of the Department of Labor, was sufficient on its face to charge a violation of the act." (Section 1001 of Title 18 U.S.Code).

█ Under Point II the defendants contend that the facts alleged in Counts I and IV to have been concealed were not material. Point III urges that the alleged discrepancies in the balance sheet, as set forth in Count VI, are not "false and fraudulent" within the meaning of Section 1001 of Title 18, U.S.Code. Under Points IV, V and VI they argue that the entries alleged in Counts VII to XXXI to have been false, were actually not false, and did not constitute a violation of Section 1005 of Title 18 U.S.Code, and that said counts are defective for "double pleading". All of said points are without merit. In Point VII the defendants contend that, since the averments contained in the substantive counts fail, as they state, to charge an offense against the laws of the United States, Count XXXII, charging a conspiracy to commit such acts, is defective, and must fall. Consistent with my opinion respecting said substantive counts, I find that Point VII is without merit. Accordingly, the motion to dismiss the indictment is denied.

*As to the application for the pre-trial*
*inspection of the aforementioned tran-*

scripts of *Weckstein's testimony (Point VIII)*.

The request for Weckstein's Grand Jury transcript was not under consideration in the original motion. The application for leave to inspect, before trial, his testimony before the Superintendent of Banks was made under Rule 17(c) of the Federal Rules of Criminal Procedure, 18 U.S.C. It was denied on the following grounds:

(1) that it is not evidentiary, as required by Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L. Ed. 879, which holds that documents or other materials obtained by the Government voluntarily or by solicitation are subject to subpoena under said rule *provided they are admissible as evidence;*

(2) that there has not been the required showing that it is material to the preparation of the defense; and

(3) that the granting thereof would give the defendants, before trial, access to the names and the testimony of Government witnesses.

The defendant Weckstein died since the original motion was decided. It is the defendants' contention that by reason thereof it can no longer be said that his "prior testimony is not 'evidentiary.'" I assume that they take that position with respect to the Grand Jury proceeding, as well as the hearing before the Superintendent of Banks. I disagree as to both.

■ Weckstein's death did not change the character of his testimony, so far as its admissibility is concerned. Now, even the limited use for which it could have been available if Weckstein testified—his impeachment—is no longer possible, except as hereinafter stated. Hence, the first reason for the original denial of the inspection of said testimony is still valid, as is also the second, since, up to this time, there has been no showing that it is material to the preparation of the defense.

While the third ground is no longer valid because of Weckstein's death, the fact that the testimony is not evidentiary would still require the denial of the application.

■ J. Bertram Wegman, Esq., one of the attorneys for the defendant Traub, in his affidavit in support of the application, states that on the basis of information acquired by him in the course of preparation for trial of the case he believes that Weckstein's testimony before the Grand Jury would establish the innocence of all the defendants, and that his death will prevent the defendants from conferring with him and obtaining his testimony as a witness. If the trial of the case should develop facts which would justify the use of such transcripts for any purpose, the trial judge, in his discretion, may permit access thereto by the defendants' attorneys, or personally inspect the same.

The application for leave to inspect the transcripts of Weckstein's testimony is denied, without prejudice, however, to the renewal thereof at the trial.