Leo C. GONZALES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6468.

United States Court of Appeals Tenth Circuit.

Dec. 31, 1960.

Rehearing Denied Jan. 28, 1961.

Henry A. Kiker, Jr., of Smith, Kiker & Kitts, Albuquerque, N. M., for appellant.

Ruth C. Streeter, Asst. U. S. Atty., Albuquerque, N. M. (James A. Borland, U. S. Atty., Albuquerque, N. M., with her on the brief), for appellee.

Before BRATTON, PICKETT and BREITENSTEIN, Circuit Judges.

PICKETT, Circuit Judge.

Gonzales was indicted on five counts for making false statements to the Rural Electrification Administration,[1] an agency of the United States. The false statements alleged to have been made were in written communications and reports to the R.E.A., relating to the property and finances of the Kit Carson Electric Cooperative, Inc., a corporation under contract for financing with the R.E.A. The crime for which Gonzales was indicted is described in 18 U.S.C.A. § 1001, as follows:

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

The first clause of the statute specifically requires that the falsification described therein shall be as to a material fact, but that requirement is not included in the portion of the section under which the indictment in this case is brought. The authorities are in disagreement as to whether the falsification referred to in the second clause must be as to a material fact.[2]

We are of the opinion that the better reasoned rule, supported by the weight of authority, is that Congress intended that materiality should be an essential element of the offenses defined in Section 1001. We are in accord with the court's statement in Freidus v. United States, 96 U.S.App.D.C. 133, 223 F.2d 598, 601, which is as follows:

"One portion of § 1001 refers to willfully and knowingly falsifying, concealing or covering up 'a *material* fact.' On the other hand, the part here involved, without expressly mentioning materiality prohibits 'any false, fictitious or fraudulent statements or representations.' We think, however, that this highly penal statute must be construed as requiring a material falsification. The legislative purpose strongly implies that only material false statements were contemplated, i. e. statements that could affect or influence the exercise of a governmental function. That purpose, as expressed by the Supreme Court in United States v. Gilliland [312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598], was 'to protect the authorized functions of governmental departments and agencies from the perversion which might result

---

1. The Rural Electrification Administration will hereinafter be referred to as the "R.E.A."

2. The leading cases holding that materiality is an essential element of all offenses included in the statute are: Weinstock v. United States, 97 U.S.App.D.C. 365, 231 F.2d 699; Freidus v. United States, 96 U.S.App.D.C. 133, 223 F.2d 598; Rolland v. United States, 5 Cir., 200 F.2d 678, certiorari denied 345 U.S. 964, 73 S.Ct. 950, 97 L.Ed. 1383. See also Sells v. United States, 10 Cir., 262 F.2d 815, certiorari denied 360 U.S. 913, 79 S.Ct. 1298, 3 L.Ed.2d 1262; and United States v. Quirk, D.C.E.D.Pa., 167 F.Supp. 462, and cases cited. The leading cases holding that materiality is not an essential element of the offense except as to the first clause of the statute are: United States v. Silver, 2 Cir., 235 F.2d 375, certiorari denied 352 U.S. 880, 77 S.Ct. 102, 1 L.Ed.2d 80; and Fisher v. United States, 9 Cir., 231 F.2d 99.

from the deceptive practices described.' No perversion of a governmental function could possibly result from a false statement that was incapable of affecting or influencing such function. And the greater weight of authority in the federal courts supports the view that materiality is an essential element of the offense described by § 1001." (Footnotes omitted.)

The indictment in the instant case charged the offense in the words of the statute, without an allegation that the false statements were material to the inquiry. When the words of a statute do not fully, directly and expressly set forth all of the essential elements constituting the offense described, allegations in the words of the statute are insufficient, but allegations of fact which show materiality will suffice. Meer v. United States, 10 Cir., 235 F.2d 65.

The "Rural Electrification Administration" was created with power, among other things, to make loans of federal funds in the several states and territories, for rural electrification and for the furnishing of electric energy to persons in rural areas who were not receiving central station service. It was authorized to make loans to local non-profit cooperative corporations such as the Kit Carson Electric Cooperative, Inc., of which Gonzales was the manager, and to take as security for the loan the property of the cooperative. 7 U.S.C.A. § 901 et seq.

The indictment alleges that Gonzales, while manager of the cooperative which was under contract for financing with the R.E.A.,[3] knowingly and willfully made representations in a matter within the jurisdiction of the R.E.A. in financial and statistical reports concerning the assets of the cooperative and concerning different items of cash and other assets belonging to the cooperative, knowing the statements to be false.[4] Although the word "material" is not used in any of the counts of the indictment, we have no doubt but that the alleged facts show that each statement was material to the R.E.A.

The court instructed the jury that: " * * * any matter that reflects upon the solvency, upon the assets, upon the payment of accounts, upon the cash on hand would constitute material matters in law, matters about which the Rural Electrification Administration would have a right to inquire and have a right to have true and correct information, and I further instruct you that it is not the law that the Rural Electrification would have to be influenced by the false representations. * * *"

The defendant objected to this instruction and requested that a proffered instruction be given. The court stated: "I will give your instructions if you want them given. I thought I had covered them." The Clerk was then directed by the Court to read to the jury defendant's offered instructions,[5] one of which stated:

"You are instructed that, before you would be warranted in finding

---

3. The contract referred to was executed by the defendant Gonzales as President of the Cooperative. This agreement provided that the R.E.A. would loan funds to the Cooperative for the purpose of constructing facilities to deliver electricity to its customers. To secure the loan, the Cooperative agreed to convey all of its property, real and personal, by mortgage or trust deed. The security, which was also executed by Gonzales, required the Cooperative to keep proper books, records and accounts of all its business affairs in accordance with good accounting practice. It was required to furnish the R.E.A. a monthly statement of its operations, with an analysis of the revenues, expenses and consumer accounts for the preceding month. The charges in the indictment arose from these reports or supplements thereto.

4. Each count specifically described the alleged false statement as to how and when made and amount involved. Each alleged false statement had to do with the solvency, the assets, the payment of accounts or with the cash position of the Cooperative.

5. It appears from the record that because of impaired eyesight, if instructions are to be read, it is the practice of Judge

the defendant, Leo C. Gonzales guilty of any one of the counts in the indictment, it would be necessary for you to find that any false or fraudulent representation made by him to the Rural Electrification Administration was a material representation, that is, a representation or misrepresentation which influenced or was capable of influencing the Rural Electrification · Administration in making a determination that it was required to make or in the performance of one of the authorized functions of that administration. * * "

■■ In determining whether a false statement is material, the test is whether it "has a natural tendency to influence, or was capable of influencing, the decision of the tribunal in making a determination required to be made." Weinstock v. United States, 97 U.S.App.D.C. 365, 231 F.2d 699, 701, and cases cited. This standard was quoted with approval and adopted by this Court in Travis v. United States, 10 Cir., 269 F.2d 928, 937, certiorari granted 363 U.S. 801, 80 S.Ct. 1235, 4 L.Ed.2d 1146. It is quite clear from the record that the trial court accepted defendant's statement of the rule in an offered instruction and intended to instruct the jury accordingly. However, the instructions as given orally did not state that in order for the alleged false statements to be material, it was necessary that they have a natural tendency to influence or be capable of influencing the decision of the government agency. When it was called to the court's attention that there was an omission of defendant's offered instruction on this subject, it was immediately corrected, at the request of the defendant. To be material, it is not necessary, as the jury was instructed orally by the court, that the false representation or statement actually influence the action of the government agency having jurisdiction.

Sells v. United States, 10 Cir., 262 F.2d 815, certiorari denied 360 U.S. 913, 79 S.Ct. 1298, 3 L.Ed.2d 1262.

■ It is contended that this latter innstruction is directly in conflict with that previously given by the court. Where two instructions are given which are in direct conflict with each other, one of which is erroneous and might have been followed by the jury, the giving of such instructions is generally said to be prejudicial. Frank v. United States, 10 Cir., 220 F.2d 559; Haigler v. United States, 10 Cir., 172 F.2d 986. Here there is no conflict between the two instructions. The subsequent instruction amplified the former statement as to materiality by advising the jury that to be material, the statement or representation must influence or be capable of influencing the R.E.A. in making a determination in the performance of one of its functions. The latter eliminated as immaterial those statements or representations which the jury found did not influence or were not capable of influencing the R.E.A. in making a decision relating to the handling of the accounts of the Kit Carson Electric Cooperative. But, even if there was a conflict in this instance, the defendant was not prejudiced. The additional instructions were given to rectify omissions and to make corrections in the oral instructions which were called to the attention of the Court by the defendant. The purpose of requiring specific objections to instructions is to afford the trial court an opportunity to correct errors. Rule 30, Fed.Rules Crim.Proc., 18 U.S.C.A.; Hayes v. United States, 10 Cir., 238 F.2d 318, certiorari denied 353 U.S. 983, 77 S.Ct. 1280, 1 L.Ed.2d 1142; Palmer v. United States, 10 Cir., 229 F.2d 861, certiorari denied 350 U.S. 996, 76 S.Ct. 546, 100 L.Ed. 861.

■ Gonzales also raises the question of whether the alleged false or fraudulent statements had to do with

Hatch to direct the Clerk to read the same. There was no objection to this procedure, and no request was made that

the jury be advised that these instructions had the same effect as those given orally.

matters within the jurisdiction of the R.E.A. He asserts, in effect, that unless the R.E.A. was authorized by law, rule or regulation to require him to furnish the information contained in the statement, they were not matters within the jurisdiction of the R.E.A. The purpose of the statute is "to protect the authorized functions of governmental departments and agencies from the perversion which might result from the deceptive practices described," (United States v. Gilliland, 312 U.S. 86, 93, 61 S.Ct. 518, 522, 85 L.Ed. 598); the realm of the agency jurisdiction must be broader than that suggested. We believe that for these purposes, jurisdiction is properly defined as follows:

> "Jurisdiction means the right to say and the power to act; and, as between agencies of the government, jurisdiction is the power of that particular agency to administer and enforce the law." Carroll Vocational Institute v. United States, 5 Cir., 211 F.2d 539, 540.

 The record in this case establishes that the R.E.A. is a lending agency of the United States Government, and the Kit Carson Electric Cooperative, Inc. was a borrower from the R.E.A. The loan agreement was contained in an indenture and a deed of trust which required the submission of monthly financial reports to the R.E.A. The false statements with which Gonzales was charged were made in these monthly reports and, in one instance, in response to an inquiry from the R.E.A. Under the terms of the loan agreement, the R.E.A. had the right to say what information the borrower should submit, and had the power to act on the information submitted. There can be no question concerning the authority of the R.E.A. to administer and enforce the law under which it was created. There was no error in the denial of Gonzales' motion for acquittal which was premised on the ground that the United States had not established that the statements were made in a matter within the jurisdiction of the R.E.A.

 At the request of the defendant, his asserted standard for determining what matters would be within the jurisdiction of the R.E.A. was included by the court in its instructions to the jury. Immediately following that instruction, however, the court, in effect, instructed the jury that the alleged statements were made in matters within the jurisdiction of the R.E.A.[6] These instructions were not erroneous because the matter of whether a statement, which is established by the evidence, is within the jurisdiction of a department or agency of the United States, is a question for the courts to decide on the basis of the legislative history of the agency and the terms of the statute creating the agency and defining its powers. Pitts v. United States, 9 Cir., 263 F.2d 353, certiorari denied 360 U.S. 935, 79 S.Ct. 1457, 3 L.Ed.2d 1547; Terry v. United States, 8 Cir., 131 F.2d 40.

Affirmed.

---

6. The instruction referred to is as follows:

"Now, as to a matter within the jurisdiction of the Rural Electrification Administration, I think I explained that fully, but if not, I should explain to you that the Rural Electrification Administration does stand as an agency in charge of the indebtedness incurred by these various co-operatives. It is charged with the responsibility of keeping up with the affairs of the co-operative and to know about its financial condition, to know about its assets, to know about its money on hand, and everything connected with the loan made to it. Otherwise, it would be derelict in its duty if it did not keep close touch with the various debts owed by these various co-operatives and if a matter is within their jurisdiction, if it is a matter about which the Government or the administration, the REA, has a right to inquire and to have information concerning and which I have told you means all of its assets, large or small, all of its responsibility and obligations, financial and otherwise, which in any way would reflect upon the indebtedness owed by the corporation to the United States."