**UNITED STATES of America,**
Plaintiff,

v.

**Samuel Lee BLAKE, Defendant.**

**Crim. No. 21261.**

United States District Court
W. D. Missouri, W. D.

June 30, 1962.

F. Russell Millin, U. S. Atty., Joseph P. Teasdale, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Kenneth K. Simon, Simon & Pierce, Kansas City, Mo., for defendant.

BECKER, District Judge.

This case involves the criminal responsibility under § 1001, Title 18, U.S.C.A., of an applicant for Christmas employment with the Post Office Department who stated that he had never been arrested, charged or held by federal, state or other law enforcement authorities for any violation of any federal, state, county or municipal law, regulation or ordinance with the exception of a traffic violation for which a fine of $25.00 or less was imposed. The amended information in this case charges that when the statement was made the applicant knew that he had been arrested on numerous occasions for assault with intent to murder, possession of narcotics, drunken-

ness, participating in and frequenting a gambling game, and had been convicted for unlawful possession of narcotics, and confined in the Illinois State Penitentiary for 21 months of a two to three year sentence, and when the applicant well knew the statement made in the application was false and in violation of § 1001, Title 18, U.S.C.A.

The original information in this cause was defective because it failed to allege the true facts claimed by the government to have been falsified. See United States v. Bougie (S.D.Cal.) 118 F.Supp. 359, involving a similar application for Christmas employment with the United States Post Office Department. This defect has been cured by the filing of an amended information.

The defendant moves to dismiss upon these grounds:

1. The information fails to set forth the factual reason showing that the false statement is material.

2. The facts alleged in the information do not come within the purview of Section 1001 because they involve a negative answer to an employment application for temporary employment with the Post Office Department.

The amended information sets forth the facts relied upon by the government, leaving for determination the question of whether the amended information is defective.

The question of materiality involves the answer to the following two questions: (1) Must the statement be material? (2) Is the statement in this case material?

■ Although the courts are divided upon the question whether it is essential that the false statement be material to constitute a violation of Section 1001, it is believed that materiality is an essential element of the crime. See authorities cited in United States v. Allen (S.D. Cal.) 193 F.Supp. 954, and Gonzales v. United States (C.A.10) 286 F.2d 118.

The statement in the case at bar was material. In securing temporary employees to assist in handling and delivery of Christmas mail, it is material to the granting of applications of employment to know whether the applicant has a record of criminal arrests, criminal charges and criminal detention. The very nature of the duties makes this information important, and therefore material, in determining who shall be employed to perform these duties. The Post Office Department would be derelict in the performance of its functions if it did not screen applicants with a view toward eliminating employees whose background suggests untrustworthiness, dishonesty, moral turpitude and disobedience to law. If the information in this case correctly sets forth the record of the applicant, it becomes obvious that knowledge of this record was not only material but essential to a proper ruling upon his application for employment.

■ The defendant suggests in his brief that the inquiry in this case might not be within the jurisdiction of the Post Office Department within the meaning of Section 1001. It is argued that, while retention or dismissal of an employee is within the jurisdiction of a department or agency of the government, an investigation for the purpose of processing applications for minor temporary jobs may not be. In this connection, reliance is placed upon the dissenting opinion of Circuit Judge Clark in United States v. De Lorenzo (C.A.2) 151 F.2d 122, 126. Whatever one may think of the rule advocated in this dissent, involving civil service procedure and the federal false claims statute (formerly § 80, now § 287 and § 1001, Title 18, U.S.C.A.), it does not appear to be the law, and will not be followed here.

■ The defendant also relies upon the claim that the answer of the defendant was negative and therefore not within the purview of § 1001, citing United States v. Philippe (S.D.N.Y.) 173 F. Supp. 582; United States v. Stark (D. Md.) 131 F.Supp. 190; United States v. Levin (D.Colo.) 133 F.Supp. 88; United States v. Davey (S.D.N.Y.) 155 F.Supp. 175. In these cases, negative but false responses to inquiries by investigators

of the F.B.I. and the Treasury Department were not made in connection with any attempt to obtain or retain any office or employment with any agency of the government. This distinction was pointed out in United States v. Stark (D. Md.) 131 F.Supp. 190, l. c. 198. Because those cases did not involve an attempt to obtain employment with the government, they are not in point in the case at bar.

Negative responses to inquiries by government agencies have been held to violate Section 1001 in Pitts v. United States (C.A.9) 263 F.2d 353, cert. den. 360 U.S. 935, 79 S.Ct. 1457, 3 L.Ed.2d 1547, reh. den. 361 U.S. 857, 80 S.Ct. 47, 4 L.Ed.2d 97; United States v. De Lorenzo (C.A.2) 151 F.2d 122; United States v. Giarraputo (E.D.N.Y.) 140 F. Supp. 831. Furthermore, the words of the statute clearly cover negative answers in that the statute expressly applies to anyone who "conceals or covers up * * * a material fact * * *." For these reasons, the contention that a negative answer cannot be made the basis of a prosecution under Section 1001 cannot be sustained.

■■ Consideration must be given to the fact that the negative answer did not induce the government to grant the application; in other words, there was no reliance upon the negative answer of the defendant. This fact does not exempt the conduct of the defendant from the operation of Section 1001. It seems well established in federal criminal jurisprudence that actual influence of the department or agency involved is not essential to a prosecution under Section 1001. Gonzales v. United States (C.A. 10) 286 F.2d 118, cert. den. 365 U.S. 878, 81 S.Ct. 1028, 6 L.Ed.2d 190; United States v. Quirk (E.D.Pa.) 167 F.Supp. 462, aff'd, 266 F.2d 26; United States v. Apex Distributing Co. (D.R.I.) 148 F. Supp. 365. The true test is whether the false statement has a natural tendency to influence, or was capable of influencing the decision of the department or agency in making a determination required to be made. Weinstock v. United States, 97 U.S.App.D.C. 365, 231 F.2d

699; Gonzales v. United States (C.A.10) 286 F.2d 118.

■ Finally, it is contended that this statement was not made under oath and therefore did not violate Section 1001. The answer to this is that the statute itself contains no requirement that the false statement be made under oath in order to justify prosecution. The applicable cases hold that an unsworn false statement violates the statute. Marzani v. United States, 83 App.D.C. 78, 168 F. 2d 133, aff'd, 335 U.S. 895, 69 S.Ct. 299, 93 L.Ed. 431, aff'd on reh., 336 U.S. 922, 69 S.Ct. 653, 93 L.Ed. 1084; United States v. Stark (D.Md.) 131 F.Supp. 190.

Since the amended information has remedied the only defect in this proceeding, the motion to dismiss should be overruled. It is therefore

ORDERED that the motion to dismiss be, and the same is hereby, overruled.