**Alfonso Juan ALIRE, Appellant,**
v.
**UNITED STATES of America, Appellee.**
No. 7049.

United States Court of Appeals Tenth Circuit.

Dec. 19, 1962.

Rehearing Denied Jan. 30, 1963.

---

**32**

Daniel F. Lynch, Denver, Colo., for appellant.

James P. McGruder, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and SETH, Circuit Judges.

SETH, Circuit Judge.

Appellant was charged with the violation of 18 U.S.C.A. § 1001, in making false statements and representations of a material fact in an application to the Post Office Department for temporary employment. He was tried and convicted by a jury and received a sentence of three years.

Among the questions on the application form was one which asked whether the applicant had ever been "arrested," "charged" or "held" for a violation of any federal, state, county or municipal law, regulation or ordinance. The appellant answered "no" to this question and signed the application attesting to the truth of the answers. At the trial, the prosecution offered a number of "booking slips" from the Denver police department which were the original records of arrests. The court admitted a number of these slips which showed on their face that the appellant had been arrested for a specific offense but did not show that a charge had actually been filed. These exhibits showed arrests for traffic violations, for other city ordinance violations, for larceny, for robbery, and for homicide. There was also introduced the record of the Denver District Court, showing appellant's plea of guilty to the charge of aggravated robbery.

Appellant urges several grounds for reversal. His first ground is that Congress did not intend that the statute under which appellant was convicted should apply to the situation at hand where the false statements were contained in an application for "menial or part-time employment." Appellant argues that the position sought was an unimportant one and that there were no factors or considerations of great national importance involved.

The statute, 18 U.S.C.A. § 1001, provides:

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up * * * a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined * * *."

This section contains no exceptions nor any separate or special treatment for false statements in any particular situation or type of employment. Following its amendment in 1934, the courts have uniformly applied it to a variety of situations and have applied it in its broad and general terms. There is no basis for this court to read into the section any exceptions or modifications. The intent of Congress, as shown by the 1934 amendment of the section and as indicated in the legislative history, is clear. The Supreme Court in United States v. Gilliland, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598, stated that the scope of the statute had been greatly increased by reason of the 1934 amendment, and said the amendment showed the intent of Congress to protect the authorized functions of the various governmental departments from any type of deceptive practices, and saw no reason why the scope of the statute should be narrowed.

The appellant argues that there is no matter of great national interest or concern or any matter of national security involved in this case, as there is in cases concerned with false statements submitted for employment in national defense industries or those directly affected with the national security. Here again there is no provision in the act whereby it is limited to matters of great national concern, and in fact the intention is directly to the contrary as it covers any false statement *in any matter* within the jurisdiction of an agency or department of the United States. Certainly appellant's argument to exclude matters which he considers of minor interest cannot be sustained against such plain wording. It is not questioned but that it was proper for the Post Office Department to inquire into the police record of applicants. The false answer given by the appellant was as to a material fact. Courts of other circuits have considered the scope of the statute as against somewhat similar arguments and have held that the statute cannot be limited. Pitts v. United States, 263 F.2d 353 (9th Cir.); United States v. Goldsmith, 108 F.2d 917 (2d Cir.). The Supreme Court again commented that the language called for an unrestricted interpretation in United States v. Bramblett, 348 U.S. 503, 75 S. Ct. 504, 99 L.Ed. 594.

The appellant also argues that should the statute be applied to a false statement in an application for temporary employment as in this case, the statute is a violation of due process of law guaranteed by the Fifth Amendment. Appellant's argument here is related to that advanced under his first point, and he admits that the act is for a legitimate purpose, but urges that Congress cannot provide for such severe penalties for even the most insignificant "obstruction" of an agency acting within its authority. The point advanced is that if the statute be literally applied to every possible situation, it is arbitrary and capricious and in violation of the Fifth Amendment. This court in Porter v. Shibe, 158 F.2d 68 (10th Cir.), has stated: "The due process guaranty of the Fifth Amendment demands only that

the law shall not be unreasonable, arbitrary, or capricious, and that the means selected shall have a real and substantial relation to the object sought to be attained." And further, "If the statute is an appropriate means to a permitted end, there is little scope for the operation of the due process clause." Here in our opinion the means selected by Congress does have a real and substantial relation to the end sought to be obtained. The wisdom of the legislation and the appropriateness of the remedy are matters of concern for the legislative branch and not of the courts.

■ Appellant also urges that the act violated the Eighth Amendment to the Constitution in that it inflicts cruel and unusual punishment. It appears that the appellant has raised this matter for the first time on appeal, and no action was taken under Rule 35 of the Rules of Criminal Procedure for a reduction of sentence. The nature of the punishment is a conventional one and not a form within any constitutional prohibition. The punishment provided is not inhuman, barbarous, nor torturous punishment, as was contemplated in the Constitution, and certainly the length of the imprisonment here is not so disproportionate to the offense as to fall within the constitutional prohibition. Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L. Ed. 793; Edwards v. United States, 206 F.2d 855 (10th Cir.). We have said in Schultz v. Zerbst, 73 F.2d 668 (10th Cir.), that "The fixing of penalties for crimes is a legislative function. What constitutes an adequate penalty is a matter of legislative judgment and discretion, and the courts will not interfere therewith unless the penalty prescribed is clearly and manifestly cruel and unusual." United States v. Gilliland, supra.

■ The appellant also urges that the trial court committed error in admitting into evidence such of the booking slips as did not indicate that a charge was actually filed, although the slips may show an arrest for a particular offense. The record shows the trial court carefully considered the objections made by the appellant and refused to admit certain of the offered booking slips which did not show a particular offense. The record also shows that the booking slips were offered, and those which the court did admit, were to prove that the appellant had been arrested in order to prove that the statement in the application made by the appellant was false. These booking slips were not offered nor admitted to prove the commission of any particular crime. There is nothing to indicate that the use of the word "arrest" in the application for employment was in any way limited to arrests which were followed by the filing of any particular charge. The inquiry was as to arrests generally or whether the applicant had been held, and appellant's answer was false both as to the arrests which were followed by particular charges and as to arrests which were not so followed. The appellant offered to stipulate that he had been arrested on numerous occasions rather than have the prosecution put on a detailed recitation of these arrests. The government refused to so stipulate and the appellant's contention is that the refusal to stipulate was error, and that the introduction into evidence of the large number of booking slips on a variety of offenses served to inflame the jury. The court in Parr v. United States, 255 F.2d 86 (5th Cir.), cert. denied 358 U.S. 824, 79 S.Ct. 40, 3 L.Ed.2d 64, held that the refusal on the part of the government to stipulate that a certain film was lewd and obscene and the exhibition of the film to the jury over defendants' objections that it would arouse the prejudice of the jury, was not error. The court further observed that as a general proposition no party is required to stipulate with his adversary and may insist on proving the facts of his case. We believe that such a rule should apply in a case such as this. The evidence of arrests was certainly relevant and it was admissible, and proof of arrests was a necessary element of the government's case. In Travis v. United States, 269 F.2d 928 (10th Cir.), this court held that it was

not error for the prosecution to refuse to stipulate that the defendant was a communist, and that testimony of his communist party activities was admissible over appellant's claims that it was inflammatory

Affirmed.