Samuel Lee BLAKE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17249.

United States Court of Appeals
Eighth Circuit.

Oct. 11, 1963.

Kenneth K. Simon, Kansas City, Mo., Lewis E. Pierce, Kansas City, Mo., on the brief, for appellant.

Joseph P. Teasdale, Asst. U. S. Atty., Kansas City, Mo., F. Russell Millin. U. S. Atty., on the brief, for appellee.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and MEREDITH, District Judge.

VAN OOSTERHOUT, Circuit Judge.

Defendant Blake appeals from his conviction on a charge of making false statements in violation of 18 U.S.C.A. § 1001 in an application for Christmas employment made to the Post Office Department at Kansas City, Missouri.

Defendant admits that he gave a false negative answer to an inquiry in the application as to whether he had been arrested, charged or held by federal, state or other law enforcement officials for law violations other than minor traffic offenses. It is stipulated that the defendant has been arrested for assault to commit murder, for possession of narcotics, for frequenting a gambling game and for drunkenness, and that he has been convicted and has served time on the narcotics charge.

The sole error asserted on this appeal is that the court erred in denying defendant's motions for acquittal made at the close of the Government's case and renewed at the close of all of the evi-

dence. Defendant's contention at the trial and upon this appeal is that defendant's false answer is not material in that it was not reasonably likely to influence nor was it capable of influencing the decision of the Post Office Department with respect to the employment of the defendant.

Section 1001 reads:

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

■ The trial court in a memorandum opinion reported at D. C., 206 F.Supp. 706 on defendant's pretrial motion to dismiss, which raises substantially the same question as the motions for acquittal, holds that materiality of a false allegation is an essential element of the offense charged.[1] The court so instructed the jury. Since such ruling is favorable to the defendant, it affords no basis for complaint. We shall for the purposes of this case assume materiality to be an essential element of the offense charged.

Defendant argues that his false statements are not material because the Government did not rely upon them. Defendant points to the evidence that all applicants' records were checked routinely at the Kansas City Police Department and that such check revealed the defendant's criminal record and that such record was available before any action was taken upon the employment application.

Defendant further urges that there is no great national interest or problem of national security involved in the appointment of temporary postal help and that the statute is not intended to apply to such a situation.

■ In determining whether a false statement is material, the test is whether it "has a natural tendency to influence, or was capable of influencing, the decision of the tribunal in making a determination required to be made." Gonzales v. United States, 10 Cir., 286 F.2d 118, 122; Weinstock v. United States, D.C. Cir., 97 U.S.App.D.C. 365, 231 F.2d 699, 701–702.

■ Courts have specifically held that a false statement with regard to applicant's prior criminal record in an application for employment by a Government agency is material within the meaning of § 1001. Alire v. United States, 10 Cir., 313 F.2d 31; Pitts v. United States, 9 Cir., 263 F.2d 353; United States v. De Lorenzo, 2 Cir., 151 F.2d 122.

The Alire case, like our present case, involves a false statement as to criminal record made in an application for Post Office employment. The court in its opinion discusses the scope of § 1001, stating:

"This section contains no exceptions nor any separate or special treatment for false statements in any particular situation or type of employment. Following its amendment in 1934, the courts have uniformly applied it to a variety of situations and have applied it in its broad and general terms. There is no basis for this court to read into the section any exceptions or modifications. The intent of Congress, as shown by the 1934 amendment of the section and as indicated in the legislative history, is clear. The Supreme Court in United States v. Gilliland, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598, stated that the scope of the statute had been greatly increased by reason of the 1934 amendment, and said the amendment showed the intent of

---

1. For collection of opposing cases on question of materiality as essential element of the crime, see Gonzales v. United States, 10 Cir., 286 F.2d 118, 120, note 2; United States v. Quirk, E.D.Pa., 167 F.Supp. 462, 464, note 3.

Congress to protect the authorized functions of the various governmental departments from any type of deceptive practices, and saw no reason why the scope of the statute should be narrowed.

"The appellant argues that there is no matter of great national interest or concern or any matter of national security involved in this case, as there is in cases concerned with false statements submitted for employment in national defense industries or those directly affected with the national security. Here again there is no provision in the act whereby it is limited to matters of great national concern, and in fact the intention is directly to the contrary as it covers any false statement *in any matter* within the jurisdiction of an agency or department of the United States. Certainly appellant's argument to exclude matters which he considers of minor interest cannot be sustained against such plain wording. It is not questioned but that it was proper for the Post Office Department to inquire into the police record of applicants. The false answer given by the appellant was as to a material fact. Courts of other circuits have considered the scope of the statute as against somewhat similar arguments and have held that the statute cannot be limited. Pitts v. United States, 263 F.2d 353 (9th Cir.); United States v. Goldsmith, 108 F.2d 917 (2d Cir.). The Supreme Court again commented that the language called for an unrestricted interpretation in United States v. Bramblett, 348 U.S. 503, 75 S.Ct. 504, 99 L.Ed. 594." 313 F.2d 31, 33.

We agree with such interpretation of the statute.

■■ The fact that the Government did not rely upon the false statement but instead obtained evidence as to defendant's criminal record from the Police Department does not exclude defendant's violation from the operation of § 1001. Actual reliance of the governmental department on the false statement is not an essential element of the offense charged. Gonzales v. United States, supra; Brandow v. United States, 9 Cir., 268 F.2d 559; United States v. Quirk, 3 Cir., 266 F.2d 26.

In the Brandow case the court adopted and followed the words of Judge Kraft in United States v. Quirk, D.C., 167 F. Supp. 462, 464, reading:

"'[W]e believe that the conduct Congress intended to prevent by § 1001 was the willful submission to federal agencies of false statements calculated to induce agency reliance or action, irrespective of whether actual favorable agency action was, for other reasons, impossible. We think the test is the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end as measured by collateral circumstances.'" 268 F.2d 559, 565.

■ We are satisfied that there is substantial evidence in this record to support a finding that the false statement made by the defendant was material and that such statement was capable of inducing agency action upon the defendant's application. The inquiry defendant answered falsely seeks information designed to serve a legitimate and useful purpose in determining the applicant's qualifications for the position which he seeks. Applicant's local police records will not always include his entire police record, particularly with respect to crimes committed in foreign jurisdictions.

The court properly overruled defendant's motion for acquittal. No error is urged with respect to the instructions given. Our examination of the record satisfies us that the defendant has had in all respects a fair trial.

Judgment affirmed.