George Dan POULOS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 9609.

United States Court of Appeals
Tenth Circuit.

Jan. 2, 1968.

Robert A. Dufty, Denver, Colo., for appellant.

Guy L. Goodwin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., with him on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

Appellant was indicted in two counts for making false statements and representations of a material fact in applications to the Federal Aviation Agency for an airman's medical certificate. The appellant was tried, convicted on both counts, and was sentenced to four years imprisonment on each count, the sentences to run concurrently with each other. The court further recommended that the sentences be served concurrently with the sentence the appellant was then serving in the Kansas State Penitentiary.

In this appeal appellant contends that there was no evidence to prove that the

representations were material and consequently proof of an essential element of the offense is lacking. The appellant also contends that the application of the statute to this case violates basic requirements of fairness under the due process clause of the fifth amendment in that the question presented was not clear and that the answers given upon which the indictment was based were excusably unclear or incomplete.

The record shows that upon two occasions, the appellant completed an application for a medical certificate to be issued by the Federal Aviation Agency. This application was made on the agency's form 1004. The portion of this form to be completed by the applicant had spaces for the applicant's occupation, military service, employer, length of employment, and the nature of the certificate already held by the applicant. The form has spaces also for total flying time to date, flying time the last six months, and whether the applicant has had an aircraft instrument rating. The balance of this portion of the form to be completed by the applicant, other than the two questions here in issue, relate clearly to the applicant's medical history. These questions are to be answered by placing a checkmark in either a yes or a no column opposite the "condition" that constitutes the question. The first question, for example, is "frequent or severe headaches." There follow twenty-one similar questions in the same form. The twenty-second question under the same heading is "record of traffic convictions"; the twenty-third is "record of other convictions," and the twenty-fourth is "other illnesses." This "medical history" portion of the form directs that if a "yes" answer is given, "describe condition under remarks." The appellant placed checks in the "yes" column opposite both "record of traffic convictions," and "record of other convictions." In the remarks portion of the form, he added "Convicted of Grand Larceny 1948," and "convicted of several minor traffic convictions, jaywalking, speeding," on one of the applications. On the other similar application which is the subject of the second count in the indictment, he added, as far as here pertinent, "convicted of Grand Larceny 1948. Speeding & no dr. lic. in possession."

Following the submission of the application which is the subject of count two in the indictment, the Federal Aviation Agency learned of other criminal convictions of the appellant and returned the form for further data, indicating by checkmarks the areas where the additional data should be furnished. These checkmarks covered the matters in question together with medical questions. The appellant on the form made some minor additions and added "on appeal" in relation to "record of other convictions," and his lawyer returned the form to the Federal Aviation Agency. Further correspondence was had, and the FAA finally advised the appellant that in view of his criminal convictions, a psychiatric examination would be necesary.

The record further shows that during the course of the applicant's flying instructions, he was advised by the instructor to secure a medical certificate. The doctor to whom he went on this occasion refused to examine him by reason of his extensive criminal record. Appellant then returned and inquired of the instructor what should be done. The record shows that the instructor thereupon called an employee of the FAA to inquire as to the effect of the felony convictions, and according to the testimony the instructor was advised that this would make no difference. The appellant then was sent to another doctor and received a medical examination. There is further evidence in the record that the criminal record of the appellant was discussed by him with other medical examiners prior to the examinations which are attached to the appellant's applications here in issue.

During the course of the trial it was stipulated that the appellant had some thirteen felony convictions and several convictions for misdemeanors. It was thus clearly demonstrated that the an-

swers under the remarks portion of the form were incomplete.

■ Appellant urges that the statements which were the basis of the charges were not material. Both parties to this appeal agree that the test of materiality is whether or not the answer has the natural tendency to influence or was capable of influencing the decision of the officer or agent to whom it was submitted. Alire v. United States, 313 F.2d 31 (10th Cir.); Gonzales v. United States, 286 F.2d 118 (10th Cir.); Travis v. United States, 269 F.2d 928 (10th Cir.); Sells v. United States, 262 F.2d 815 (10th Cir.).

■ The United States produced the flight surgeon of the FAA who testified as to the correspondence which was had with the appellant, but did not testify directly as to the materiality of the questions on the form relating to the convictions of the appellant. He did testify as to the letter he had written to the appellant after learning of his record of convictions from other sources which required the applicant to submit a report of a psychiatric evaluation and a "diagnosis according to American Psychiatric Nomenclature." This witness also testified that he had previously advised the applicant upon learning of his convictions that there was a serious question as to whether or not he could meet the FAA regulations and requested him to surrender the medical certificate appellant then had in his possession. We believe this is sufficient evidence to demonstrate that a complete answer to the question relating to previous convictions was material to the decision on the application. From the exhibits and evidence, appellant's answers had a tendency to or did influence the agency's decision.

■ The appellant, as indicated above, also urges that he was denied due process by the conviction herein in that the questions and the manner in which they appeared in the form were unfair in not appearing to be relevant to the principal subject of the application, his medical condition or history, and further were stated in an unclear manner. The questions relating to criminal convictions could not ordinarily be said to be properly a part of the applicant's medical history as they appeared. The section of the form under which they appear is entitled "medical history—have you ever had or have you now any of the following: * * *" Also the form directs that the applicant "describe conditions under remarks." Appellant urges that the elaboration on his "yes" answer to "previous convictions" should not properly be regarded as such a "condition." This contention of the appellant could have some merit were it not for the fact that the appellant from the outset of his flight training had been made aware of the problem of his felony convictions in connection with his medical examinations. As indicated above the first doctor to whom he was referred refused to give him a medical examination because of his felony convictions, and appellant's flight instructor had made inquiry as to the effect of the felony convictions on his licensing and thereafter referred him to other doctors. The record shows that his felony convictions were discussed with other doctors to whom he went for medical examination for his FAA medical certificate. Thus appellant was made aware of the importance of his felony record as it related to his medical certificate, and thus of the importance of answering this portion of the medical application form. It should also be observed that the form which was the subject of the second count was returned once to the appellant for completion of this section as well as others and was returned by his attorney.

The appellant urges also that the trial court considered improper evidence during the course of the hearing on the motion for a new trial. We find no merit in this contention.

Affirmed.