**AMERICAN COMMERCIAL CO., Inc. v. U. S. OFFICERS & NON-COMMISSIONED OFFICERS CLUB, EUROPEAN THEATER et al.**

No. 10503.

United States Court of Appeals District of Columbia Circuit.

Submitted Oct. 26, 1950.

Decided Jan. 11, 1951.

Mr. John R. Fitzpatrick, Washington, D. C., with whom Messrs. Edward J. Lynch and I. Irwin Bolotin, Washington, D. C., were on the brief, submitted on the brief for appellant.

Mr. Joseph F. Goetten, Asst. U. S. Atty., Washington, D. C., with whom Messrs. George Morris Fay, U. S. Atty., and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., were on the brief, submitted on the brief for appellees.

Before EDGERTON and WILBUR K. MILLER Circuit Judges, and ROBERT N. WILKIN, District Judge, retired (sitting by designation).

PER CURIAM.

Appellees are "U. S. Officers and Non-Commissioned Officers Club, European Theater," which is an unincorporated association of certain Army personnel as described by its title, and certain alleged "supervisory agents" of the Club, including the Secretary of Defense, the Secretary of the Army, the Under Secretary of the Army, the Quartermaster General, and other officers. Appellant sued appellees for breach of contract. However, appellant's brief states that the "individual defendants were named solely for the purpose of acquiring jurisdiction over the defendant association. Judgment is sought only against the defendant association and not against the individual defendants."

■■ Like post exchanges, the appellee Club is organized, under Army regulations, for the benefit of army personnel. The Supreme Court has said that post exchanges "are integral parts of the War Department, share in fulfilling the duties entrusted to it, and partake of whatever immunities it may have under the constitution and federal statutes." Standard Oil Co. v. Johnson, 316 U.S. 481, 485, 62 S.Ct. 1168, 1170, 86 L.Ed. 1611. It would seem to follow that appellee Club is an integral part of the War Department's suc-

cessor, the Department of the Army, and partakes of its immunity to suit without the consent of the United States. But we need not decide that question, for even if the Club is not immune to suit it is not within the jurisdiction of the courts in this suit. It operates in Germany and carries on no activities in the District of Columbia. None of the individuals named as defendants, or served with process, has any authority to sue or be sued, or accept service, on the Club's behalf. Accordingly the complaint was rightly dismissed.

Affirmed.