George Edwin **BRETHAUER**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 17553.

United States Court of Appeals
Eighth Circuit.

June 23, 1964.

William A. Wear, Springfield, Mo., for appellant.

William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., and Russell Millin, U. S. Atty., Kansas City, Mo., for appellee.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

MATTHES, Circuit Judge.

An indictment in three counts charged appellant with filing false, fictitious and fraudulent profit and loss statements with the Post Exchange Officer at Fort Leonard Wood, Missouri, for the years ending June 30, 1958, June 30, 1959, and June 30, 1960, in violation of Title 18 U.S.C. § 1001.[1]

After a non-jury trial,[2] the court, Judge Oliver, found appellant guilty on all three counts, suspended imposition of sentence of imprisonment, placed appellant on probation for a period of two years, and assessed a total fine of $15,-000. This appeal followed.

There is little dispute as to the relevant facts—they are accurately detailed in the court's findings of fact which appear in its memorandum opinion. United States v. Brethauer, supra, 222 F. Supp. 503. A brief factual résumé will suffice to bring into focus the issues presented on this appeal.

1. 18 U.S.C. § 1001 provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."

2. The trial court's opinion, United States v. Brethauer, D.C., W.D.Mo., 222 F.Supp. 503 (1963), incorporates by reference its prior decision overruling appellant's motion to dismiss the indictment, D.C., W. D.Mo., 214 F.Supp. 820 (1963).

Appellant entered into a concessionaire contract on August 12, 1954, with the Fort Leonard Wood Post Exchange, under which appellant was granted the theatre candy, soft drinks, and popcorn concessions from September 26, 1954, to September 25, 1955. The contract was renewed from time to time and was in force from July 1, 1958, through July 1, 1960, and thereafter.

Pursuant to the contract, the Post Exchange (Exchange) required appellant to render to Exchange certified detailed balance sheets and operating statements showing appellant's net profit from the operation of the concessions. The operating statements filed for the years involved herein were—as appellant concedes—false, in that appellant's net profits from the operations were shown to be substantially less than his actual profits. However, in accordance with the provisions of the contract, appellant did pay to Exchange a sum equal to 25% of his gross receipts from the operation of the business.

Two basic contentions are relied upon by appellant for reversal of the judgment. *One*, that the false statements, assuming them to be material, did not pertain to a matter within the jurisdiction of a department or agency of the United States; *two*, that the false statements did not relate to a "material fact" within the meaning of 18 U.S.C. § 1001.

More explicitly, appellant's position as to Contention One is that Post Exchanges are creatures of regulations promulgated by the Army; "they are not creatures of Statute. * * * There is no Act of Congress which creates or defines Post Exchanges." From this premise appellant reasons, largely on the authority of Keane v. United States, 4 Cir., 272 F. 577 (1921), that a Post Exchange does

not occupy the legal status necessary to bring it within the ambit of the statute and, consequently, the filing of the false and fictitious operating statements did not and could not relate to a "matter within the jurisdiction of any department or agency of the United States. * * * *"

Early in the trial court proceedings, appellant raised this issue by a motion to dismiss the indictment. The court denied the motion and persuasively demonstrated the fallacy of appellant's position. United States v. Brethauer, supra, 214 F.Supp. 820. Like the trial court, we too are of the view that appellant's reliance on Keane, supra, 272 F. 577, is misplaced. We note that the Keane prosecution was under § 37 of the Criminal Code, the forerunner of present 18 U.S.C. § 371, the general conspiracy statute.[3] Here, 18 U.S.C. § 1001, the foundation for the prosecution is broader in its language than old § 37 and relates to *"any matter within the jurisdiction* of any department or agency of the United States."

More significantly, however, the majority of the court in Keane, while recognizing that § 37 made it an offense to commit a conspiracy against a *legally constituted department* of the United States, held that a Post Exchange is only a voluntary association, that an Exchange is permitted but not required by special regulations of the War Department, and that an Exchange does not have the legal status of a department of the United States so as to bring it within the protection of the statute.

In our view, the validity of Keane has been weakened if not completely destroyed. Quite apart from considerations which may have relevance, such as the reorganization of Post Ex-

---

3. § 37 of the Criminal Code provided in part that: "If two or more persons conspire either to commit any offense against the *United States*, or to defraud the *United States* * * * in any manner * * * *." (Emphasis supplied).

18 U.S.C. § 371 provides in part that: "If two or more persons conspire either

to commit any offense against the United States, or to defraud the United States, *or any agency thereof* in any manner * * * *." (Emphasis supplied). The historical and revision notes to § 371 state that the words "or any agency thereof" were inserted to reflect the judicial construction of the section.

changes since the decision in Keane, we are convinced that the Supreme Court of the United States in Standard Oil Company of California v. Johnson, 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611 (1942), effectively settled the issue and rendered Keane inapposite and without controlling force to the instant situation. The fact that Standard Oil was civil in nature does not in our view lessen the force or applicability to this criminal case of these pertinent observations in Standard Oil:

> "On July 25, 1895, the Secretary of War, under authority of Congressional enactments promulgated regulations providing for the establishment of post exchanges. These regulations have since been amended from time to time and the exchange has become a regular feature of Army posts. That the establishment and control of post exchanges have been in accordance with regulations rather than specific statutory directions does not alter their status, for authorized War Department regulations have the force of law.

> "Congressional recognition that the activities of post exchanges are governmental has been frequent. Since 1903, Congress has repeatedly made substantial appropriations to be expended under the direction of the Secretary of War for construction, equipment, and maintenance of suitable buildings for post exchanges. In 1933 and 1934, Congress ordered certain moneys derived from disbanded exchanges to be handed over to the Federal Treasury.

> \* \* \* \* \* \*

> "From all of this, we conclude that post exchanges as now operated are arms of the government deemed by it essential for the performance of governmental functions. They are integral parts of the War Department, share in fulfilling the duties entrusted to it, and partake of whatever immunities it may have under the constitution and federal

statutes." 316 U.S. at 483, 484–485, 62 S.Ct. at 1169.

From the foregoing it is compellingly clear that a Post Exchange, although created by regulations, is an arm of the Government and an agency within the meaning of 18 U.S.C. § 1001.

■ Other cases also make it clear that where, as here, regulations are promulgated pursuant to an Act of Congress, they may have the force of law. We agree with Judge Oliver that " \* \* an act of Congress is not in all instances a necessary prerequisite for the establishment of a jurisdiction upon which a criminal prosecution may be lawfully predicated." 214 F.Supp. at 822. See United States v. Howard, 352 U.S. 212, 77 S.Ct. 303, 1 L.Ed.2d 261 (1957); Singer v. United States, 323 U.S. 338, 344–345, 65 S.Ct. 282, 89 L.Ed. 285 (1945); Billings v. Truesdell, 321 U.S. 542, 551, 64 S.Ct. 737, 88 L.Ed. 917 (1944); United States v. Grimaud, 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563 (1911). And, as stated by the Ninth Circuit, United States v. Howell, 318 F.2d 162, 166–167 (1963):

> "The \* \* \* Exchange, as all post exchanges, is operated by the Army and Air Force Exchange Service, subject to the direction and regulations of the Secretary of the Army and Secretary of the Air Force. 32 C.F.R. § 554.5. The Army and Air Force Exchange Service 'is an instrumentality of the United States entitled to the immunities and privileges available to the departments and agencies of the Federal Government under the Federal Constitution and statutes and under international treaties, conventions, and administrative agreements.' 32 C. F.R. § 554.6."

Compare also, Rizzuto v. United States, 10 Cir., 298 F.2d 748 (1961); United States v. Holcombe, 4 Cir., 277 F.2d 143 (1960); United States v. Forfari, 9 Cir., 268 F.2d 29 (1959), cert. denied, 361 U.S. 902, 80 S.Ct. 211, 4 L.Ed.2d 157 (1959); Nimro v. Davis, 92 U.S.App.

**306**

D.C. 293, 204 F.2d 734 (1953), cert. denied, 346 U.S. 901, 74 S.Ct. 229, 98 L.Ed. 401 (1953); American Commercial Co. v. United States Officers, Etc., 88 U.S. App.D.C. 137, 187 F.2d 91 (1951); and Daniels v. Chanute Air Force Base Exchange, D.C., E.D.Ill., 127 F.Supp. 920 (1955), holding that an Air Force Base Exchange is a federal agency within the Tort Claims Act and further recognizing that Keane v. United States, supra, 272 F. 577, was decided prior to Standard Oil Co. of California v. Johnson, supra, 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611.

■ As we have seen, appellant's second basic contention is that the false profit and loss statements did not relate to a "material fact." To be sure, an essential element of the offense of making a false, fictitious or fraudulent statement proscribed by 18 U.S.C. § 1001, is that such statement relates to a "material fact." In our recent case of Blake v. United States, 8 Cir., 323 F.2d 245, 246 (1963), we recognized this principle and reiterated the rule that,

"In determining whether a false statement is material, the test is whether it 'has a natural tendency to influence, or was capable of influencing, the decision of the tribunal in making a determination required to be made.' Gonzales v. United States, 10 Cir., 286 F.2d 118, 122; Weinstock v. United States, D.C.Cir., 97 U.S.App.D.C. 365, 231 F.2d 699, 701–702."

Appellant argues that the instant statements forming the basis for this prosecution, although false, fail to meet the test of materiality. More specifically, appellant's position, in summary, is that inasmuch as he fully discharged his contractual obligation to pay the Exchange 25% of the gross receipts derived from operation of the concessions, the amount of his net profit from such operation was of no concern to the Exchange. Hence it follows, so appellant says, that the operating statements had no legal materiality; the contract did not provide that

the purpose of the statement was to enable Exchange to make a determination as to prices charged or whether the contract should be renegotiated.

We are not so persuaded. The provision in the contract requiring the making of true and accurate profit and loss statements had a purpose. It was not meaningless and useless verbiage. From such a statement Exchange was placed in a position where it could realistically exercise its contract authority to supervise and control the prices to be charged for merchandise sold to members of the armed forces stationed at Fort Leonard Wood. Upon the basis of an accurate operating statement Exchange could fairly determine whether its share of the proceeds was commensurate with the net profit realized by the concessionaire. Accurate reports would have provided a basis for determining whether the contract should have been renegotiated.

■ The trial court fully considered the materiality issue, made detailed findings of fact in that regard, and ruled that the false statements made by appellant were material and constituted an offense under 18 U.S.C. § 1001. See United States v. Brethauer, supra, 222 F.Supp. 503. We are in complete agreement with the court's reasoning on this issue, are firmly convinced that the findings are not clearly erroneous, and conclude that no basis exists for us to set them aside.

■ Appellant also complains about the admission of the testimony of witnesses Paul Joseph Monda, a civilian employee in charge of concession services at Exchange, and Lieutenant Colonel Gerald R. Stickney, Exchange officer. We have considered this contention and conclude that appellant was not prejudiced by the ruling of the court. In fact, the challenged testimony was relevant and pertinent to the crucial question of the materiality of appellant's false statements.

The judgment is

Affirmed.