**UNITED STATES of America,**
**Plaintiff-Appellee,**
v.
**James St. John WIECKING,**
**Defendant-Appellant.**
**No. 82–1313.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 10, 1982.

Decided April 6, 1983.

Earle A. Partington, Honolulu, Hawaii, for defendant-appellant.

Alan Dunavan, Asst. U.S. Atty., Ft. Shafter, Hawaii, Jeffrey L. Caddell, Sp. Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before MERRILL, Senior Circuit Judge, and FLETCHER and FERGUSON, Circuit Judges.

FLETCHER, Circuit Judge:

The panel unanimously agrees the case is appropriate for submission without oral argument.[1]

Appellant Wiecking was convicted of stealing a pair of stereo headphones from a post exchange located on Fort Shafter in Hawaii, in violation of 18 U.S.C. § 641 (1976).

Wiecking, a stockman working for the exchange, was caught stealing the headphones by Alegria, a store detective, as he attempted to carry them away from the exchange in his car. Alegria first noticed the headphones and some foam on a desk in the rear of the stockroom, and learned from a store employee that this was a suspicious circumstance. When he returned to check on the headphones, they were gone. Alegria also noted that the garbage cans in the stockroom had just been emptied. He looked for Wiecking, the only stockman on duty, but Wiecking had clocked out. Alegria next went to the store parking lot, where he saw Wiecking take a plastic bag and some foam out of a dumpster and put it in his car. Alegria then approached the car; Wiecking slammed the door shut when he saw the detective. Alegria showed his badge and asked Wiecking to bring the plastic bag from the car into the manager's office. At that point, Wiecking admitted that the bag contained the stereo headphones and offered to pay for them.

During his trial before a magistrate, Wiecking moved to suppress the headphones as the fruit of an illegal arrest and an illegal search of his vehicle. The magistrate denied the motion on the ground that the defendant had consented to the search, and found him guilty as charged. The district court upheld the conviction, ruling the search legal because authorized by consent,

---

1. *See* Fed.R.App.P. 34(a).

or, alternatively, because supported by probable cause. From this ruling, Wiecking appeals.

■ We do not reach the question whether the vehicle search was based on valid consent, because we agree with the district court's alternative conclusion that it was supported by probable cause.[2] Probable cause does not require proof of criminal activity, but only facts and circumstances sufficient to warrant a reasonable belief that an offense has been committed. *See Brinegar v. United States,* 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1310–11, 93 L.Ed. 1879 (1949); *Carroll v. United States,* 267 U.S. 132, 167, 45 S.Ct. 280, 290, 69 L.Ed. 543 (1925); *United States v. Garza-Hernandez,* 623 F.2d 496, 499 (7th Cir.1980).

■ We agree with the district court that the facts and circumstances known to detective Alegria met this standard. Wiecking's unusual action, removing a plastic bag and some foam from a dumpster, coupled with the detective's recent observations that the headphones had vanished and that the trash in the stockroom had just been emptied, justified a suspicion that the plastic bag contained the headphones. Thus, Alegria had probable cause to examine the bag to see if the headphones were inside.

■ Wiecking contends that the search was also illegal because performed without a warrant. This argument is foreclosed by the Supreme Court's decision in *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) which held that police may conduct a warrantless search of a car when there is probable cause to believe that it contains evidence of criminal activity. The facts of this case differ from those of *Ross* in that the appellant's car was not stopped as it moved along a street, but the essential considerations are identical, because Wiecking was *about* to drive off in a car that detective Alegria had probable cause to suspect contained contraband stolen goods. Under these circumstances, no warrant was needed. The fact that the headphones were in a plastic bag makes no difference. "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *Ross,* 102 S.Ct. at 2172.[3]

We affirm the judgment.

---

2. It is not clear whether Wiecking is challenging the evidence against him as the fruit of an illegal arrest or as the fruit of an illegal search. We conclude that the characterization of Wiecking's challenge makes no difference in this case, because all of the reasons that Alegria had to suspect that Wiecking was engaged in criminal activity were reasons that he had to suspect the contents of the bag to constitute evidence of criminal activity, and *vice versa.* Thus, the inquiry whether Alegria had probable cause to arrest is identical to the inquiry whether he had probable cause to search. Al-

though we phrase our discussion in terms of the legality of the search that revealed the incriminating evidence in the bag, the discussion is equally applicable to the question of the legality of the arrest.

3. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), relied upon by appellant, is inapposite. In that case, the criminal suspect was already separately in custody, and therefore had no opportunity to move or destroy the evidence sought inside the vehicle. *See id.* at 462, 91 S.Ct. at 2035.