UNITED STATES of America,
Plaintiff-Appellee,

v.

John JOHNSON, Jr.,
Defendant-Appellant.

No. 82–3544.

United States Court of Appeals,
Fifth Circuit.

May 12, 1983.

Certiorari Denied June 27, 1983.

See 103 S.Ct. 3548.

John T. Mulvehill, Federal Public Defender, Herbert V. Larson, Jr., Asst. Federal Public Defender, New Orleans, La., for defendant-appellant.

John P. Volz, U.S. Atty., Pauline F. Hardin, Harry W. McSherry, Robert T. Myers, Asst. U.S. Attys., New Orleans, La., for plaintiff-appellee.

Before GEE, REAVLEY and HIGGINBOTHAM, Circuit Judges.

REAVLEY, Circuit Judge:

John Johnson, Jr. ("John, Jr." or "appellant") appeals his convictions under a three-count indictment of obtaining money by false pretenses, in violation of the federal bank robbery statute, 18 U.S.C. §§ 2113(a) & (b). We affirm as to the first two counts and vacate the sentence on the third count.

*Factual & Procedural Background*

On April 23, 1982, a man identifying himself as "John Johnson" telephoned the Amite Branch of the First Guaranty Bank ("FGB") in Hammond, Louisiana, and requested that $355 be wired from account number 245–082–8 to the Amoco Branch of the First National Bank of Commerce ("FNBC") in New Orleans. The call was received by an employee of FGB who, after verifying that the account in question contained sufficient funds, caused the requested transaction to be completed. The holder of account 245–082–8 was John Johnson, Sr., appellant's father, but John, Sr., never authorized this transfer. The government

established that John, Jr., presented himself at FNBC, identified himself as "John Johnson" and received the $355.

On April 28, 1982, John, Jr., entered FGB and requested that $2,720 be transferred from account 245–082–8 to FNBC. The assistant vice-president of FGB, believing appellant to be the holder of the account, complied with the request. Again, this wire transfer was never authorized by John, Sr., but John, Jr., was the one who received the transferred funds the following day at FNBC.

On April 30, 1982, a man identifying himself as "John Johnson" telephoned FGB and requested that an additional $2,720 be transferred to FNBC. The caller was aware of the first two transfers. This time, however, FGB did not transfer the money as requested because John, Sr., had earlier visited FGB to question officers there regarding the prior transfers.

In the late afternoon of April 30, 1982, John, Jr., entered FNBC in New Orleans, identified himself as "John Johnson," and requested the funds that he believed had been wired that morning. He was then taken into custody by Federal Bureau of Investigation agents.

John, Jr., was subsequently indicted on three counts of violating 18 U.S.C. § 1014. The government filed a superseding indictment when an intervening decision of the Supreme Court cast doubt on appellant's culpability under that statute. *See Williams v. United States,* —— U.S. ——, 102 S.Ct. 3088, 73 L.Ed.2d 767 (1982). The superseding indictment charged John, Jr., with a two-count violation of 18 U.S.C. § 2113(b) and a one-count violation of § 2113(a). He was found guilty on all three counts following a bench trial and sentenced to concurrent 12 month terms on each count.

### Counts 1 & 2—Violation of 18 U.S.C. § 2113(b)

Subsection 2113(b) provides in pertinent part:

Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both . . . .

18 U.S.C. § 2113(b) (Supp.1982).

This court has specifically held that the language of § 2113(b) encompasses and proscribes the taking of money from a bank by false pretenses. *Thaggard v. United States,* 354 F.2d 735 (5th Cir.1965), *cert. denied,* 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 301 (1966). The correctness of the *Thaggard* holding was recently reaffirmed by an *en banc* decision. *United States v. Bell,* 678 F.2d 547, 548 (5th Cir.) (*en banc*), *cert. granted,* —— U.S. ——, 103 S.Ct. 444, 74 L.Ed.2d 600 (1982).

John Jr.'s only argument to this panel on appeal concerning his convictions under § 2113(b) is that we should reverse the position taken by this court in *Thaggard* and *Bell.* He argues that the legislative history of § 2113(b) indicates that the statute was not intended by Congress to encompass the taking of money by false pretenses. That argument has found acceptance by several of our sister circuits which have considered this question[1] and by the members of this court who dissented in *Bell.*

John Jr.'s argument presupposes that this panel is free to ignore the prior precedent of this court. To the contrary, this panel is bound to follow the writings of this court in *Thaggard* and *Bell. Hernandez v. City of Lafayette,* 643 F.2d 1188, 1192–93 (1981), *cert. denied,* 455 U.S. 907, 102 S.Ct. 1251, 71 L.Ed.2d 444 (1982).

### Count 3—Violation of 18 U.S.C. § 2113(a)

Count 3 relates solely to the third (unsuccessful) attempt by John, Jr., to

---

1. Of the circuits that have addressed this issue, the courts are fairly evenly split, with four circuits following the view argued by John, Jr., and another three agreeing with the view of the *Bell* majority. *See* cases cited in *Bell,* 678 F.2d at 548–49 n. 1.

transfer funds and is based on 18 U.S.C. § 2113(a). Subsection 2113(a) provides in pertinent part:

> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such a bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—
>
> Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a) (Supp.1982). It is important to note that the statute requires both an entry of (or attempt to enter) a bank *and* an intent to commit "any felony affecting such bank . . . ."

John, Jr., argues that his conviction under this count cannot stand because the bank he entered (FNBC) was not affected and that the bank he affected (FGB) was not entered, as required by § 2113(a). His argument stems from the unusual facts of this case. With regard to the third (attempted) transfer, appellant never entered or attempted to enter FGB—his contact with that bank was by telephone. Thus, only his conduct in entering FNBC the third time to receive the transferred funds can support liability under § 2113(a)—but only then if we find that such conduct "affected" FNBC within the meaning of that term as it is used in the statute. John, Jr., argues that FNBC was never "affected" because it merely acted as a conduit for the transfer of funds: "[FNBC] received no paperwork, made no entries on its books, or, in short, did nothing [*sic*] . . . . [W]ith regard to *all three* transfers, [FNBC] would not suffer any loss . . . . [I]t was [FGB] that would bear any loss arising from appellant's conduct."

In the interests of judicial economy we decline to review this conviction because all sentences run concurrently and no consequence appears to turn on the decision. The sentence on the third count is vacated to protect the appellant and the government may seek to reimpose the sentence if it should become material to justice. We would then review the conviction. *See United States v. Cardona,* 650 F.2d 54, 58 (5th Cir.1981).

Appellant's conviction under counts 1 and 2 is affirmed. The sentence of count 3 is vacated.

AFFIRMED IN PART and VACATED IN PART.