**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert E. HAUSMANN,
Defendant-Appellant.**

No. 82–1492
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 25, 1983.

James R. Wyrsch, Kansas City, Mo., for defendant-appellant.

Paulina M. Jacobo, Asst. U.S. Atty., Lubbock, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

In April of 1977 a tornado struck the town of Monahans, Texas. Among the buildings damaged was the office of Dr. Robert E. Hausmann, a dentist. Hausmann subsequently secured a disaster relief loan of $124,000 from the Small Business Administration. After the loan was approved but before the funds were disbursed, Hausmann provided receipts to the SBA documenting his repair expenditures. After Hausmann defaulted on the loan, the government discovered that he had not used the loan proceeds in the manner the receipts indicated. This led to Hausmann's indictment and conviction on seven counts of making false statements to an agency of the United States in violation of 18 U.S.C. § 1001. He received seven five-year sentences to run concurrently. We affirm Hausmann's convictions on six counts and, exercising our discretion under the concurrent sentence doctrine, vacate the seventh.

In a section 1001 prosecution, the government must show that the alleged false statement was material—that it was capable of affecting or influencing the exercise of a government function. *United States v. Lichenstein*, 610 F.2d 1272, 1278 (5th Cir.1980), *cert. denied*, 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980). Whether a statement is material rests on a factual evidentiary showing. But it is well established that materiality is ultimately a question of law and must be decided by the court. *Id.; United States v. Beer*, 518 F.2d 168, 171 (5th Cir.1975).

The many decisions of our court applying this rule are the offspring of *Sinclair v. United States*, 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692 (1927). Harry Sinclair was summoned before a committee of the United States Senate to testify about the Teapot Dome scandal. His silence resulted in a conviction for refusal to answer a pertinent question in testimony before Congress in violation of 2 U.S.C. § 192. In the Supreme Court Sinclair "earnestly maintain[ed] that the question was not shown to be pertinent to any inquiry the committee was authorized to make." *Id.* at 296, 49 S.Ct. at 272. The Court disagreed and fur-

ther found that the pertinency issue was correctly decided by the trial judge rather than the jury.

The question of pertinency under section 102 was rightly decided by the court as one of law. It did not depend upon the probative value of evidence. That question may be likened to those concerning relevancy at the trial of issues in court, and it is not essentially different from the question as to materiality of false testimony charged as perjury in prosecutions for that crime. Upon reasons so well known that their repetition is unnecessary it is uniformly held that relevancy is a question of law. And the materiality of what is falsely sworn, when an element in the crime of perjury, is one for the court.

The reasons for holding relevancy and materiality to be questions of law in cases such as those above referred to apply with equal force to the determination of pertinency arising under section 102. The matter for determination in this case was whether the facts called for by the question were so related to the subjects covered by the Senate's resolutions that such facts reasonably could be said to be "pertinent to the question under inquiry." It would be incongruous and contrary to well-established principles to leave the determination of such a matter to a jury.

*Id.* at 298–99, 49 S.Ct. at 273–74 (citations omitted).

Based on the rule originating in *Sinclair,* the district judge in this case decided the issue of materiality. He reviewed the allegedly false receipts, found them to be material, and so instructed the jury.

Hausmann asserts that this instruction violated his sixth amendment right to trial by jury. He argues that *Sinclair* and its Fifth Circuit progeny violate the cardinal principle that a trial court in a criminal case may never direct a verdict on any essential element of an offense. As a member of this court recently put it, "the right to be tried by a jury of one's peers finally exacted from the King would be meaningless if the King's judges could call the turn." *United States v. Johnson,* 700 F.2d 163, 177–78 (5th Cir.1983) (Rubin, J., dissenting) (quoting *United States v. Spock,* 416 F.2d 165, 181 (1st Cir.1969) (footnote omitted)).[1]

■ There is force to Hausmann's argument. Unfortunately it is directed to the wrong forum. *Sinclair* and the Fifth Circuit decisions applying it to section 1001 control this panel. Unless and until the Supreme Court overrules *Sinclair,* we are bound to follow the rule it established.[2]

Hausmann next asserts that the court erred in failing to articulate the standard it employed in determining materiality. He notes correctly that we have never squarely addressed what standard should be used in making this inquiry. He urges us to adopt a rule requiring the trial judge to find that materiality exists beyond a reasonable doubt. *See United States v. Stassi,* 443 F.Supp. 661, 666 (D.N.J.1977) *aff'd,* 583 F.2d 122 (3d Cir.1978), *overruled on other grounds, Dunn v. United States,* 442 U.S. 100, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979).

■ We disagree with Hausmann. Materiality is a legal question, not a question of fact. A standard of proof, whether beyond a reasonable doubt or some other, simply has no application to the legal question whether a given statement is material.

1. In *Johnson,* a divided panel affirmed the appellant's conviction of transporting a falsely made security in violation of 18 U.S.C. § 2314. Johnson's primary argument was that the trial judge's instruction that the document in question was a security abridged the sixth amendment. The majority rejected this argument, and Judge Rubin dissented.

The entire court has agreed to rehear Johnson's appeal *en banc.* It is therefore possible that the views expressed in Judge Rubin's dissent will carry the day. Such a decision would

have great logical implications on this case. But because of *Sinclair* it would have no legal implications.

2. *Contra United States v. Adler,* 623 F.2d 1287, 1292 n. 8 (8th Cir.1980); *United States v. Valdez,* 594 F.2d 725, 729 (9th Cir.1979) (Without citing *Sinclair,* the court stated: "Since it is an essential element, materiality, as with all of the other elements of the offense charged, must be determined by the jury.").

*See United States v. Giacalone,* 587 F.2d 5, 7 (6th Cir.1978), *cert. denied,* 442 U.S. 940, 99 S.Ct. 2882, 61 L.Ed.2d 310 (1979). On this point we agree with our colleagues on the Seventh Circuit. "As a question of *law,* there cannot appropriately be *any* evidentiary or factual burden with respect to the issue of materiality. A question of law is by definition susceptible of only two answers: 'yes,' the requirements of legal principles are met or 'no,' they are not met." *United States v. Watson,* 623 F.2d 1198, 1202 (7th Cir.1980).

■ There is another side to this coin. As a question of law, the trial court's materiality finding is fully reviewable on appeal. We disavow any notion that it is shielded by the clearly erroneous rule. *Contra Brethauer v. United States,* 333 F.2d 302, 306 (8th Cir.1964). Having conducted a plenary review, we fully agree with the district court that the receipts were material. Hausmann argues that the receipts could not have influenced the SBA loan officer because his loan was approved before the receipts were submitted. This contention is untenable. Although Hausmann's loan was approved before the receipts were submitted, disbursement was dependent on proof that purchases had in fact been made. Had Hausmann not presented the false receipts, he would have received no money.

■ At Hausmann's trial duplicates of the receipts, rather than the originals, were introduced into evidence. Hausmann claims this violates the "best evidence rule" of Fed.R.Evid. 1002. We disagree. Fed.R. Evid. 1003 provides that duplicates are admissible "unless (1) a genuine issue is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Hausmann has failed to meet either criterion. The district director of the SBA testified that receipts are normally copied and the originals returned to the owner. Under these circumstances the district judge's determination to admit the duplicates was well within his discretion.

■ Hausmann objects to the following jury instruction:

It is reasonable to infer that a person ordinarily intends the natural and probable consequences of his knowing acts. The jury may draw the inference that the accused intended all of the consequences which one standing in like circumstances and possessing like knowledge should reasonably have expected to result from any intentional act or conscious omission. Any such inference drawn is entitled to be considered by the jury in determining whether or not the government has proved beyond a reasonable doubt that the defendant possessed the required criminal intent.

Hausmann argues that this instruction creates an impermissible presumption in violation of *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). This argument has been considered and rejected with respect to nearly identical instructions in *United States v. Colmenares-Hernandez,* 659 F.2d 39, 42 (5th Cir.1981), and *United States v. Freeman,* 619 F.2d 1112, 1123–24 (5th Cir.1980), *cert. denied,* 450 U.S. 910, 102 S.Ct. 1348, 67 L.Ed.2d 334 (1981). These decisions are controlling.

■ Hausmann complains that he was deprived of a speedy trial in violation of 18 U.S.C. § 3161(c). This argument is foreclosed by 18 U.S.C. § 3162(a)(2), which provides that "[f]ailure of the defendant to move for dismissal prior to trial ... shall constitute a waiver of the right to dismissal under this section." Hausmann's failure to move for dismissal precludes him from raising the speedy trial issue at this time. *United States v. Milhim,* 702 F.2d 522, 526 (5th Cir.1983).

■ Hausmann's last contention is that the evidence was insufficient to support his conviction on Count I. We decline to review this conviction. All sentences run concurrently. Whether this conviction stands appears to have no consequence. We therefore vacate Hausmann's conviction on Count I. The government may seek to reimpose this conviction if it should become material to justice at some point in the future. We then would review it. *See*

*United States v. Johnson,* 706 F.2d 143 at 145 (5th Cir.1983); *United States v. Cardona,* 650 F.2d 54, 58 (5th Cir.1981).

Hausmann's convictions on Counts II through VII are affirmed. His conviction on Count I is vacated.