**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Vivian R. SANDERS,**
**Defendant-Appellant.**

**No. 86–2074**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 27, 1986.

Nancy B. Barohn, Asst. Federal Public Defender, San Antonio, Tex., for defendant-appellant.

Helen M. Eversberg, U.S. Atty., Michael R. Hardy, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The appellant was convicted of theft of property from the United States in violation of 18 U.S.C. § 641. The sole issue on appeal is whether property owned by the Army and Air Force Exchange Service (AAFES) is property owned by the United States. We hold that the property in question was owned by the United States and affirm the conviction.

I

Vivian Sanders was a temporary employee of the AAFES at Fort Sam Houston,

Texas. Employees of the AAFES were required to enter the store through a specified entrance and leave their personal belongings in a designated area. All packages were tagged for identification. As she left work on the evening of November 20, 1984, Sanders's belongings were searched. One of her bags contained two pairs of mittens, two jackets, two dresses, a hat, and a scarf; all these items had AAFES tickets attached. Sanders did not have any receipts for the merchandise, which was worth approximately $300. The AAFES management confiscated the clothing and allowed Sanders to leave.

On November 28, 1984, Sanders was charged in a two-count criminal complaint with theft of property "of the Army Air Force Exchange Service, an agency of the United States Government," in violation of 18 U.S.C. § 641.[1] She was arraigned on one misdemeanor count,[2] and consented to a bench trial by a United States magistrate. Sanders was subsequently convicted and placed on supervised probation for three years. She appealed to the district court which affirmed her conviction. Sanders then perfected this appeal.

## II

■ The sole issue that Sanders raises on appeal is that the United States failed to adduce any evidence supporting a finding that the AAFES merchandise was property of the United States. She contends that since the United States failed to establish ownership of the merchandise, the United States failed to meet its burden of proof as to an essential element of 18 U.S.C. § 641. This failure, she argues, requires that her conviction be vacated. We disagree.

Because it is undisputed that the goods were owned by the AAFES, the question whether the property is a "thing of value of the United States" is one of law, not fact. *See United States v. Evans*, 572 F.2d 455, 471–72 (5th Cir.), *cert. denied sub nom., Gent v. United States*, 439 U.S. 870, 99 S.Ct. 200, 58 L.Ed.2d 182 (1978). Thus, Sanders' claim of insufficiency of the evidence as to this issue is immaterial. The only question that need be resolved is whether the merchandise owned by the AAFES is a thing of value of the United States as a matter of law.[3]

This court has stated that the key factor in determining ownership by the United States is whether the United States contemplates and manifests supervision and control over the subject property. *Evans*, 572 F.2d at 472.[4] We turn to the statutes and cases to make this determination. The AAFES is created by federal statute, 10 U.S.C. §§ 4779(c), 9779(c), and is under the military's control. *See Standard Oil Co. of Cal. v. Johnson*, 316 U.S. 481, 484, 62 S.Ct. 1168, 86 L.Ed. 1611 (1942) ("post exchanges ... are arms of the government.... They are integral parts of the war department ... and partake of whatever immunities it may have under the Constitution and federal statutes"). Moreover, Congress controls the types of goods and services that can be provided, establishes price ceilings, and limits those who may use an AAFES. *See Champaign-Urbana*

---

1. 18 U.S.C. § 641 provides in relevant part:
   Whoever embezzles, steals, purloins, or knowingly converts to his use ... any ... thing of value of the United States or of any department or agency thereof ... shall be fined not more than $10,000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.

2. Sanders was also charged with felony theft of government property in violation of 18 U.S.C. § 641. On February 21, 1985, the court, upon motion of the government, dismissed this count.

3. While our research has failed to reveal any precedent directly deciding this issue, we note that earlier cases have reviewed convictions of persons charged with theft of goods from other AAFES stores. *See United States v. Marshall*, 762 F.2d 419 (5th Cir.1985); *United States v. Wiecking*, 757 F.2d 969 (9th Cir.1983); *United States v. Rojo*, 727 F.2d 1415 (9th Cir.1983).

4. Although this test was formulated to apply to intangible property, we hold that this test is equally applicable in cases involving tangible goods.

*News Agency, Inc. v. J.L. Cummins News Co. Inc.*, 632 F.2d 680, 684–85 (7th Cir. 1980). The purpose of the AAFES is to provide low cost merchandise and services to military personnel of the United States. The United States uses profits and dividends from the AAFES to fund military welfare plans. *Id.* at 685. It is thus well established by the statutes and cases that the United States contemplates and manifests supervision and control over the AAFES and its property. Consequently, there is no question but that the goods pilfered by Sanders were things of value to the United States within the meaning of 18 U.S.C. § 641.

### III

Since the merchandise at issue was a thing of value of the United States as that term is used in section 641, the judgment of the district court is

AFFIRMED.