**UNITED STATES of America**

v.

**Alexander TOWNS.**

**Crim. No. HM86–0256.**

United States District Court,
D. Maryland.

June 16, 1987.

Breckinridge L. Willcox, U.S. Atty., Lisa M. Bell, Asst. U.S. Atty., Baltimore, Md., for plaintiff.

Russell P. Butler, Camp Springs, Md., for defendant.

## MEMORANDUM

HERBERT F. MURRAY, District Judge.

Appellant Alexander Towns appeals his conviction for theft of government property in violation of 18 U.S.C. § 641. The government opposes this appeal. The court has reviewed the memoranda submitted by the parties and the tape of the trial, and determines that no hearing is required. Local Rule 6. For the reasons stated below, the court will affirm the Magistrate's decision.

*Statement of Facts*

On February 6, 1986, at the Army and Air Force Exchange at Walter Reed military reservation, (hereinater, the "Exchange"), Detective Michael L. Ferguson observed the Appellant, Alexander Towns, conceal two pillow sacks. Towns first took two pillows from the display shelf and removed them from their plastic bags. He then removed two pillow cases from a plastic bag, fit them over the pillows, and placed the pillows with the pillow sacks over them back into the plastic bag from which the pillows came. Towns then hid the empty bag in which the pillow cases were packaged under some blankets on a display shelf.

Once Towns got to the check out counter, the clerk at the register, Mr. Geens, did not notice the pillow cases and did not charge Towns for them. Towns did not make Mr. Geens aware of the pillow sacks on the pillows. As Towns attempted to exit the Exchange with the pillow sacks, Detective Ferguson detained him. Towns was charged with theft of the pillow sacks, valued at $11.90, under 18 U.S.C. Section 641.

Magistrate Lombardi denied Towns' motion for judgment of acquittal, and held that the Exchange was an "agency" of the United States within the meaning of 18

U.S.C. Section 641, which provides in pertinent part:

> "Whoever ... steals ... any thing of value of the United States or of any department or agency thereof ... shall be fined not more than $10,000 or imprisoned not more than 10 years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both."

Subsequently, Magistrate Lombardi found him guilty of theft of government property and fined him twenty-five dollars.

*Discussion*

On appeal, Appellant concedes that the pillow sacks are property of the Exchange (Paper # 3). However, Appellant alleges that the stolen pillow sacks are not government property within the meaning of 18 U.S.C. Section 641, because an Army and Air Force Exchange Service (hereinafter "AAFES") is not a "department or agency of the United States". Thus, a "thing of value of the United States" was not stolen.

In his argument, Appellant relies on the 1921 Fourth Circuit decision of *Keane v. United States* in which it was held that an AAFES is not an agency or department of the United States as defined in Section 37 of the Criminal Code for conspiracy to defraud the United States. *Keane v. United States*, 272 F. 577 (4th Cir.1921). The *Keane* court determined that an AAFES is a "voluntary organization among the soldiers themselves ... a voluntary, unincorporated co-operative store at, near, or on a military post." *Id.*, at 580. The Court ruled, "clearly, the post exchange described in the indictment in this case is not such a lawful department of Government ..." *Id.*, at 588.

The *Keane* decision has never been explicitly overruled. However, in 1942, the Supreme Court had to decide whether a military post exchange was an arm, agency or department of the Government in order to determine the tax liability of Standard Oil Co. for supplying gasoline to a military exchange. *Standard Oil Co. v. Johnson*, 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611 (1942). Standard Oil Company argued that the AAFES to which Standard supplied the gasoline was an agency of the Government and thus, Standard was exempt from paying the California Motor Vehicle Fuel License Tax. In his majority opinion, Justice Black held that a "post exchange as now operated is an arm of the Government deemed by it essential for the performance of governmental functions ... they are integral parts of the war department ..." *Standard Oil Co., supra*, 316 U.S. at 485, 62 S.Ct. at 1170.

The Eighth Circuit reiterated the Supreme Court's view of the *Keane* decision in *Brethauer v. United States*, 333 F.2d 302 (1964), which involved a conviction for having made false financial statements to an AAFES in violation of 18 U.S.C. Section 1001. The *Brethauer* court stated, "We are convinced that the Supreme Court in *Standard Oil* effectively settled the issue and rendered *Keane* inapposite and without controlling force to the instant situation." *Brethauer v. United States*, 333 F.2d at 304. The court continued "it is compellingly clear that a Post Exchange, although created by regulations, is an arm of the Government and an agency within the meaning of 18 U.S.C. Section 1001." *Id.*, at 305.

In a more recent decision with the same factual scenario as the instant case, the Fifth Circuit ruled that property owned by an AAFES was a "thing of value of the United States" within the meaning of 18 U.S.C. Section 641. *United States v. Sanders*, 793 F.2d 107 (5th Cir.1986). In *Sanders* the appellant, an employee of an AAFES, was found leaving the post with certain AAFES items valued at approximately $300, which she did not purchase. Like Towns, Sanders was convicted under 18 U.S.C. Section 641 by a United States Magistrate, and on appeal she argued that "the United States failed to adduce any evidence supporting a finding that the AAFES merchandise was property of the United States." *Id.*, at 108. It was undisputed that the property belonged to the AAFES. The Circuit Court held that the "test to determine ownership by the United States was whether the United States con-

templates and manifests supervision and control over the subject property." *Sanders, supra,* 793 F.2d at 108. It concluded that "by the statutes and cases, the United States contemplates and manifests supervision and control over the AAFES and its property ... and that the goods pilfered by Sanders were things of value to the United States within the meaning of 18 U.S.C. Section 641." *Sanders, supra,* 793 F.2d at 109.

The court is persuaded that the 66–year old authority of the *Keane* decision has been significantly weakened by *Standard Oil* and subsequent decisions. Accordingly, the court is persuaded that an AAFES is an agency of the United States within the meaning of 18 U.S.C. § 641.

The appellant also alleges that there was insufficient evidence to find that the pillow cases are property of the Government within the meaning of Section 641. This Circuit has held "with regard to sufficiency of the evidence, that the verdict of guilty entered by the Magistrate 'must be sustained if there is substantial evidence, taking the view most favorable to the government, to support the findings of guilt.'" *United States v. Glover,* 381 F.Supp. 1139, 1141 (D.Md.1974).

Because the appellant concedes that the property at issue is property of the Exchange at Walter Reed military reservation, because this Exchange, like any other AAFES, is deemed an agency of the Government, and because the court finds that there is sufficient evidence to sustain the finding of guilt on the part of appellant, the court will enter a separate order affirming Magistrate's Lombardi's finding that Towns is guilty of theft of government property under 18 U.S.C. § 641.

### ORDER

For the reasons stated in the foregoing memorandum, it is this 16th day of June 1987, by the United States District Court for the District of Maryland,

ORDERED:

(1) that the Magistrate's finding that Alexander Towns is guilty of theft of government property under 18 U.S.C. § 641 be, and the same hereby is *Affirmed;*

(2) that Mr. Towns' appeal of his conviction be, and hereby is, *Dismissed;* and

(3) that the Clerk of the Court shall mail copies of this memorandum and order to the parties and to Magistrate Lombardi.