UNITED STATES of America,
Plaintiff–Appellee,

v.

Alexander TOWNS,
Defendant–Appellant.

No. 87–5602.

United States Court of Appeals,
Fourth Circuit.

Argued March 11, 1988.

Decided March 29, 1988.

---

an agency of the United States, and a theft of its property causes property loss to the United States and 18 U.S.C. § 641 is applicable, and we affirm.

## I

Appellant was convicted before a United States Magistrate of the theft of two "Pillow Sacks" from the Army and Air Force Exchange Service at Walter Reed Army Medical Center in Silver Spring, Maryland. He was sentenced to pay a fine of $25, plus a $25 special assessment. Appellant appealed to the United States District Court for the District of Maryland and claimed that property of the AAFES was not property of the United States and that he could not be found guilty under 18 U.S.C. § 641. The district court ruled against the appellant and sustained his conviction, 668 F.Supp. 454. The appellant has raised the same issue on appeal to our court.

Russell P. Butler (Keiffer, Ditrani, Johnston, Butler & Reinstein, Camp Springs, Md., on brief), for defendant-appellant.

Hollis Raphael Weisman, Asst. U.S. Atty. (Breckinridge L. Willcox, U.S. Atty., Baltimore, Md., on brief), for plaintiff-appellee.

Before WIDENER and CHAPMAN, Circuit Judges, and McMILLAN, United States District Judge for the Western District of North Carolina, sitting by designation.

CHAPMAN, Circuit Judge:

This appeal presents the question of whether the Army and Air Force Exchange Service (AAFES) is an agency of the United States so that theft from the AAFES causes the government to suffer an actual property loss, subjecting the person accused of the theft to prosecution under 18 U.S.C. § 641.[1] We conclude that AAFES is

## II

There is no contention that theft or shoplifting from an AAFES store does not cause loss to the AAFES. The question is whether such loss constitutes a loss to the United States so that it may be the subject of a prosecution under 18 U.S.C. § 641. The appellant relies upon our decision in *Keane v. United States*, 272 F. 577 (4th Cir.1921), in which we held that the Post Exchange at Fortress Monroe was not such a department of the United States and that one who conspired to defraud an agent of the Post Exchange should not be deemed guilty of conspiracy to defraud the United States. The precedential value of *Keane* ended with *Standard Oil Co. of California v. Johnson*, 316 U.S. 481, 62 S.Ct. 1168, 86 L.Ed. 1611 (1942). In that case the question presented was whether the Post Exchange constituted an arm of the

---

1. Title 18, § 641 reads, in pertinent part:

    Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof;

    ... if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.

government of the United States or a department thereof. The court concluded:

> From all of this, we conclude that post exchanges as now operated are arms of the Government deemed by it essential for the performance of governmental functions. They are integral parts of the War Department, share in fulfilling the duties entrusted to it, and partake of whatever immunities it may have under the Constitution and federal statutes.

316 U.S. 485, 62 S.Ct. 1170.

In *Brethauer v. United States,* 333 F.2d 302 (8th Cir.1964), the court was faced with a criminal prosecution for defrauding the United States under 18 U.S.C. § 1001, and the issue was raised whether an Army Post Exchange constituted an agency of the United States within the false statements statute. The Eighth Circuit found that under *Standard Oil Co. of California v. Johnson* "it is compellingly clear that a Post Exchange, although created by regulations, is an arm of the Government and an agency within the meaning of 18 U.S.C. § 1001." *Id.* at 305. In *Champaign-Urbana News Agency v. J.L. Cummins News Co.,* 632 F.2d 680 (7th Cir.1980), the court concluded that AAFES is an instrumentality of the United States for the purposes of federal antitrust legislation, that it is an integral part of the Department of Defense, and that it is an arm of the United States Government.

In *United States v. Hopkins,* 427 U.S. 123, 96 S.Ct. 2508, 49 L.Ed.2d 361 (1976), the court answered the argument that the exchange services are not agencies of the federal government because they operated with "nonappropriated funds." The court found that the exchange services are created and administered pursuant to the general authority granted to the Secretary of the Army and the Secretary of the Air Force by 10 U.S.C. §§ 3012 and 8012, that its nonappropriated-fund status did not change its character, and that the employees of the exchange were employees of the United States. *Id.* at 127, 96 S.Ct. at 2511. In *Army and Air Force Exchange Service v. Sheehan,* 456 U.S. 728, 102 S.Ct. 2118, 72 L.Ed.2d 520 (1982), the court stated, The

AAFES, like other military exchanges, is an " 'ar[m] of the government deemed by it essential for the performance of governmental functions ... and partake[s] of whatever immunities it may have under the [C]onstitution and federal statutes.' " 456 U.S. at 733–34, 102 S.Ct. at 2121–22.

We find no merit to appellant's additional claim that 18 U.S.C. § 641 is void for vagueness.

AFFIRMED.