**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Wesley P. TAILAN, Defendant–Appellant.**

No. 98–10054.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 1998.

Decided Nov. 30, 1998.

Alexander Silvert, First Assistant Federal Public Defender, Honolulu, Hawaii, for defendant-appellant.

Craig H. Nakamura, Special Assistant United States Attorney, Honolulu, Hawaii, for plaintiff-appellee.

Before: GOODWIN, BEEZER and T.G. NELSON, Circuit Judges.

GOODWIN, Circuit Judge:

Wesley Tailan appeals the district court's affirmance of his conviction, following a bench trial before a magistrate judge, for stealing, conspiring to steal, and aiding and abetting the destruction of government property in violation of 18 U.S.C. §§ 641, 371 and 1361 respectively. Tailan contends that the evidence is insufficient to support his conviction because the government failed to prove that the property in question belonged to the United States. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I.

The facts in this case are not in dispute. Tailan and his accomplices drove onto the Pearl Harbor Naval Station and stole computer equipment secured in a storage trailer behind the Navy Exchange building. As Tailan waited in a pick-up truck, his accomplices cut through a chain link fence surrounding the Navy Exchange compound and through a padlock and metal security seal (used by the Exchange to detect tampering) securing the storage trailer. Base Police apprehended Tailan as he attempted to drive the truck, loaded with the computers, off the Naval Base.

Tailan was convicted at a bench trial before a magistrate judge for stealing government property (18 U.S.C. § 641), for conspiring to steal government property (18 U.S.C. § 371), and for aiding and abetting in the destruction of government property by cutting through the chain link fence (18 U.S.C. § 1361). The magistrate judge sentenced Tailan to the statutory maximum of twelve months, and Tailan appealed to the district court. The district court rejected Tailan's appeal and affirmed the magistrate judge's decision.

II.

■ Tailan contends that the evidence presented by the government was insufficient for conviction under §§ 371, 641 and 1361, for the government did not prove a required element—that the property belonged to the United States. In reviewing the sufficiency of the evidence, a court must view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Quinn,* 18 F.3d 1461, 1465 (9th Cir.1994).

■ To demonstrate that an item is United States property, the government must prove that it had "title to, possession of or control over" that item. *United States v. Long,* 706 F.2d 1044, 1049 (9th Cir.1983). Tailan contends (i) that neither the government nor the Navy Exchange provided sufficient proof of title, possession, or control, and (ii) that even if the Navy Exchange proved ownership, such proof would not establish government ownership as required by statute.

The Supreme Court has held, however, that post exchanges, such as the Navy Exchange, are "arms of the [g]overnment deemed by it essential for the performance of governmental functions." *Standard Oil Co. v. Johnson,* 316 U.S. 481, 485, 62 S.Ct. 1168, 86 L.Ed. 1611 (1942). Thus, items stolen from a post exchange qualify as government property within the meaning of 18 U.S.C. § 371, 641 and 1361. *See United States v. Towns,* 842 F.2d 740, 741 (4th Cir.1988) (holding that because Army and Air Force Exchange Service was arm of government, shoplifting from exchange service store was loss to United States subject to prosecution under 18 U.S.C. § 641).

Further, both the magistrate and district court judges had sufficient reason to conclude rationally that the stolen computer

equipment found in the back of Tailan's truck, as well as the chain link fence itself, was United States property. The government offered evidence that established that the computers were stolen from a storage trailer located in the fenced Navy Exchange compound and secured by a padlock and a Navy Exchange security seal to guard against theft and tampering. It further offered photographs of and testimony about the computers' packaging, which tended to prove that the computer equipment was merchandise intended for sale to customers, in this case by the Navy Exchange. The government also established that the chain link fence was wholly within the Naval Station and that it surrounded the Exchange compound. This court has held evidence less compelling as sufficient for establishing government ownership of property. *See United States v. Woodson*, 526 F.2d 550, 551 (9th Cir.1975) (holding that government employees' identification of stamps affixed on property during inspection, along with other evidence showing property as likely coming from Naval Air Station, was sufficient evidence for jury to find that property was government property).

AFFIRMED.